MICHAEL SULLIVAN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    November 16, 1888. — November 28, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Removal of Disorderly Passenger — Failure to arrest —
Instructions to Jury.*

At the trial of an action against a railroad company to recover for an injury, it appeared that the plaintiff was a passenger upon the defendant's railroad; that he was drunk and disorderly, using indecent language to the annoyance of the other passengers; that he was requested to be quiet, and refused, and thereupon before he reached his destination the conductors of the train, who were also railroad police officers, not intending to arrest him but to remove him so as to protect the other passengers from annoyance, removed him from the car in which he was riding at an intermediate station and carried him along the platform to the baggage car, which was the third car forward, using only reasonable force; and that he rode in the baggage car to his destination without attempting or expressing any desire to leave the train. *Held,* that it was the right and duty of the defendant's servants thus to remove the plaintiff, without arresting him, as provided in the Pub. Sts. c. 103, § 18.

TORT for personal injuries sustained by the plaintiff while a passenger on a train of the defendant. Trial in the Superior Court, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff was riding in a car of the train as a passenger, having a ticket for a passage from Boston to his home in Randolph. When the train arrived at North Braintree, a regular passenger station of the defendant, the plaintiff was taken hold of by the two conductors in charge of said train, both of whom were duly appointed railroad police officers and were then wearing the badge of that office, and was forcibly removed by them from the car in which he was riding to the platform of the station, and then forcibly carried along the platform, without his consent, and put in the baggage car attached to the train. The baggage car was the third car forward from the one in which the plaintiff had been riding. One of the two conductors told the plaintiff, as he was placed in the baggage car, to remain there and keep still till the train arrived at Holbrook, which station was near the plaintiff's home. The baggage car was in charge of a

baggage master, whose duty it was, among other things, to obey the orders of this conductor, who had, in the presence of the baggage master, told the plaintiff to remain in said baggage car. It did not appear that the plaintiff made any effort to leave the baggage car until the train arrived at Holbrook, which was about seven miles from North Braintree.

There was evidence tending to show that the conductors did not intend to arrest the plaintiff, but removed him to the baggage car only to prevent him from disturbing the passengers in the passenger car, and that he made no attempt and expressed no desire to go back to the passenger car, or to leave the train, till he reached the station to which he was travelling; and there was no other evidence that the plaintiff was told at any time that he could not leave the train.   Upon the arrival of the train at Holbrook, the plaintiff left the baggage car and went directly home, without objection from any one, and no criminal complaint or proceeding was ever instituted against him for any alleged offence or misconduct on his part.

The defendant contended, and there was evidence tending to show, that the plaintiff was intoxicated, was using indecent language, and was disturbing the other passengers in the car from which he was removed; that after he had been requested to be quiet, and refused so to do, he was taken from that car along the platform to the baggage car; that it was more convenient to take him along the platform than through the other cars; and that it was by reason and in consequence of his own misconduct that he.was removed without being arrested or imprisoned.   The evidence was conflicting as to the intoxication and misconduct of the plaintiff before his removal from the car, and also as to the amount and extent of the force used by the officers in his removal, though it was conceded by the defendant that he was removed without his consent and contrary to his desire.

The plaintiff contended that his removal from the car in which he had been riding to the platform, and from there to the baggage car, as aforesaid, was unauthorized by law if the plaintiff was not under arrest at the time ; and that the railroad police officers acted unlawfully in arresting him and removing him to the baggage car pursuant to such arrest, without placing him in charge of an officer, as required by the Pub. Sts. c. 103,

§ 18, or complaining of him before a court having jurisdiction in the premises.

The plaintiff requested the judge to instruct the jury as follows: "The defendant had no legal right to remove the plaintiff from the car in which he was riding as a passenger to the platform at North Braintree, and to carry him along the platform against his will, and then to put him into the baggage car, unless the plaintiff was under arrest at the time."

The judge refused so to rule, and instructed the jury as follows: "It is claimed by the plaintiff that defendant's servants had no right to take him from the car at the station, from one car where he was to the other car in which they placed him, as they were obliged to take him out of the train from one car to the other; but I instruct you, that, if their purpose was to take him from one of the cars to the other, there to stay as long as he chose to ride, and he was taken outside of the car rather than through the train, for the purpose incidentally of taking him from one car to the other, that it was just the same as though he had been taken through the train; that is, they might have stepped out and gone round and put him upon the car as well as to go through the train, if you find that it was a proper thing for them to do, to step out of the train at that place and do that thing. If you find that in putting him into that car no more restraint was used over him than was reasonably proper and necessary while he was riding upon that train so far as he desired to go, then there was no detention within the meaning of the law, no false imprisonment. But if you find that he was kept there after he desired to leave the train, imprisoned, or if you find that it was not a proper place to keep him under the circumstances, why then there was detention; and detention improper, whether for the purposes of arrest or without those purposes, would be a detention for which the corporation would be liable."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Cotter*, for the plaintiff.

*J. H. Benton*, Jr., for the defendant, was not called upon.

MORTON, C. J.   The plaintiff was a passenger upon the defendant's railroad, having a ticket which entitled him to be carried

from Boston to his home in Randolph.    It appeared at the trial that he was drunk and disorderly, using indecent language, to the annoyance of the other passengers; that he was requested to be quiet and refused; and thereupon the officers of the defendant, who were also railroad police officers, not intending to arrest him, but to remove him, so as to protect the other passengers from annoyance, removed him from the cars to the platform of the depot at an intermediate station, and carried him along the platform to the baggage car, which was the third car forward of the car in which he had been riding, using only reasonable force; and that he rode in the baggage car to Holbrook, a station near his home in Randolph, without attempting or expressing any desire to leave the train.

It is clear that, under these circumstances, it was the right and duty of the defendant's officers to protect the other passengers by removing the plaintiff from the car in which he was riding.    *Vinton* v. *Middlesex Railroad,* 11 Allen, 304.    They might have left him at the place where he was removed, and if, after being removed, he had demanded to be released, or had refused to enter the baggage car, it would present a different question; but he did neither, and the act of putting him in the baggage car was done in kindness to him, for the purpose of carrying him to his home, which the jury may well have found to have been reasonable and proper, and not to have been an assault or imprisonment.

The principal contention of the plaintiff is, that they had no right to remove him except by arresting him under § 18, c. 103, of the Public Statutes.    This statute, which provides that railroad police officers may arrest a noisy or disorderly passenger without a warrant, and remove him to the baggage or other suitable car, and confine him there until the train arrives at some station where such passenger can be placed in charge of an officer, who shall take him to a place of lawful detention, was intended to confer additional powers upon officers of the railroad who are appointed railroad police officers, and not to take away the common law right of the railroad corporation, by its servants or agents, to remove a passenger who is noisy and disorderly to the annoyance of the other passengers.    *Beckwith* v. *Cheshire Railroad,* 143 Mass. 68.

In the case at bar, the court properly refused to instruct the jury, as requested by the plaintiff, that the defendant had no legal right to remove the plaintiff in the manner set out in the evidence. And the instructions given were sufficiently favorable to the plaintiff.                    *Exceptions overruled.*