MARGARET C. SPADE *vs.* LYNN AND BOSTON RAILROAD·
COMPANY.

Suffolk.    November 8, 1898. — January 16, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Street Railway — Action — Damages.*

If a passenger upon a street car suffers physical injury from fright caused by the
removal of a drunken man, and by a slight unintentional battery of her person,
she can recover only for the fright caused by the battery, not for that which
was due to her general disturbance.

*It seems* that an unavoidable battery of a passenger's person in the process of law-
fully removing a drunken man from a street car is not actionable.

A street railway company's obligations to a passenger are not increased by notice
that he has unstable nerves.

A trespasser is liable for all the consequences of an unlawful battery of the per-
son, although the consequences are enhanced by abnormal weakness.

TORT, for personal injuries sustained by the plaintiff, while a
passenger on the defendant's car, through the alleged negligence
of the defendant.    After the former decision, the case was tried
in the Superior Court, before *Dewey, J.*

The jury returned a verdict for the plaintiff; and the defend-
ant alleged exceptions.    The facts appear in the opinion.

*C. K. Cobb,* for the defendant.

*S. L. Whipple,* ( *W. R. Sears* with him,)·for the plaintiff.

HOLMES, J.    This is an action for personal injuries which
already has been before the court.    168 Mass. 285.    At the
second trial the evidence was that the defendant's conductor in
removing a drunken man from a car jostled another drunken
man who was standing in front of the plaintiff, and threw him
upon her.    The fall upon her seems to have been a trifling mat-
ter, taken by itself, but the fright caused by that and the rest
of the occurrences in the car resulted in physical injury.    The
case comes up again upon exceptions.

The judge was asked to direct a verdict for the defendant.
We find some difficulty in seeing upon what ground the jury
were warranted in finding for the plaintiff.    So far as appears,
the conductor was acting rightly in putting the drunken man

off the car.   As against the plaintiff, he was doing one of the things which she had to contemplate as liable to happen when she got into the car.   We all know that, if people are standing in the passageway of a street car, you cannot remove a man forcibly through the passageway without more or less contact. If the fall upon the plaintiff was the necessary consequence of a lawful and reasonable act, then it was one of the risks which she assumed when she took her passage.

It is a question which deserves more discussion than it has received, whether a man is answerable for an injury inflicted upon an innocent stranger knowingly, or with sufficient notice of the danger, if the injury is an unavoidable incident of lawful self-protection.   It might be said, and it has been held, when it is a question of paying damages, that a man cannot shift his misfortunes to his neighbor's shoulders.   *Gilbert* v. *Stone*, Aleyn, 35; *S. C.* Style, 72.   *Scott* v. *Shepherd*, 2 W. Bl. 892, 896. Cooley, Torts, 115.   See *McLeod* v. *Jones*, 105 Mass. 403, 405; *Miller* v. *Horton*, 152 Mass. 540, 547; *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87, 90; *Whalley* v. *Lancashire & Yorkshire Railway*, 13 Q. B. D. 131.   And compare the rule as to duress in contracts and conveyances.   *Fairbanks* v. *Snow*, 145 Mass. 153, 155.   On the other hand, the contrary has been intimated in a case of shooting in self-defence, the injury to the third person being treated on the footing of accident.   *Morris* v. *Platt*, 32 Conn. 75, 84.   See Bacon's Maxims, Reg. V. & VI.; Add. Torts, (6th ed.) 380, 383.   And the right to pull down a house when the destruction is necessary to stop a fire, as it usually is stated, looks the same way.   See *Taylor* v. *Plymouth*, 8 Met. 462, 465; *American Print Works* v. *Lawrence*, 3 Zabr. 590, 613.   The alleged immunity for the necessary destruction of a building suggests that perhaps the question cannot be answered in general terms, and that one possible distinction may be found where the parties have a common interest, even though the act done in furtherance of it may cause more harm than good to the plaintiff.   Perhaps it would be unsafe to find any countenance to such a distinction in decisions as to the rights of landowners or officials in diking against water when it appears as a common enemy.   *The King* v. *Sewer Commissioners*, 8 B. & C. 355.   *Nield* v. *London & Northwestern*

*Railway*, L. R. 10 Ex. 4.   Compare *Whalley* v. *Lancashire & Yorkshire Railway*, 13 Q. B. D. 131.   But when we go a step further, and. take a case like the present, where all parties concerned are in a conveyance, and to maintain order and keep the car clear of obnoxious persons is the defendant's right, and its duty to the plaintiff and the other passengers, no passenger can complain of any consequence which the performance of that duty necessarily entails.   We assume for present. purposes that carriers of passengers owe the same degree of care in respect of such matters as they owe in respect of the construction and management of their vehicles ; but if that care is shown, probably the injury must be regarded as an inevitable accident. As to whether there was any negligence in the manner of expelling the drunken man, or otherwise, we will go no further than to say that it has not been pointed out to us.   We need not decide the question, as there must be a new trial for another reason.

A ruling was asked to the effect that the plaintiff could recover only for the pain and fright caused by the contact with her person, and not for such mental disturbance and injury as were caused by other acts of the conductor and the general disturbance in the car.   This was refused, and the jury were instructed that, if there was a physical injury and accompanied by it there was fright which operated to her injury in body or mind, she could recover for the damage caused by the fright, and the jury were told that they might take all that happened as one whole.   The effect of the refusal and the instructions appears to us to have been that, when once a battery of the plaintiff was proved, the defendant became or might be found liable for all the. consequences of the disturbance in the car and of the plaintiff's fright, however caused.   We do not so understand the law. By something of an anomaly, consequences of the defendant's conduct which would not of themselves constitute a cause of action may at times enhance the damages, if the conduct has some other consequence for which an action lies.   But this further liability is not for all consequences of the defendant's conduct, but for consequences of the defendant's wrong to the plaintiff.   The wrong to the plaintiff, if any, began with the battery, and it is for the consequences of the battery only

that the defendant is liable, not for all the consequences of the drunken man's presence in the car or of the defendant's attempt to remove him.   We are perfectly aware of the difficulty of discriminating.   But it seems quite possible in this case that the plaintiff's trouble was due in substance to the disturbance as a whole, although it may be that the jury would be warranted in finding that the impact upon her person gave the detonating spark without which she would not have collapsed.   It is unnecessary to express an opinion whether the evidence in this case warranted the latter finding.

We may add a word with reference to a suggestion made on behalf of the plaintiff, and having some bearing upon the eighth instruction asked and the instructions given.   It is argued that, because the conductor had known the plaintiff for several years, the defendant's obligations to her were increased, if the jury believed that she was a particularly sensitive person and that the conductor must have known it.   We regard such an argument even to the jury as wholly inadmissible.   Ordinary street cars must be run with reference to ordinary susceptibilities, and the liability of their proprietors cannot be increased simply by a passenger's notifying the conductor that he has unstable nerves. In this case it was left to the jury to say whether there was anything that called for special attention to the plaintiff beyond what was due to other women.   Nothing is pointed out to us as a basis for such increased obligation except the conductor's acquaintance with the plaintiff, and that laid no foundation for it. We should add, however, to avoid being misunderstood and with reference to the plaintiff's tenth request, that if the defendant's servant did commit an unjustifiable battery on the plaintiff's person, the defendant must answer for the actual consequences of that wrong to her as she was, and cannot cut down her damages by showing that the effect would have been less upon a normal person.   *Braithwaite* v. *Hall*, 168 Mass. 38, 40.   The measure of the defendant's duty in determining whether a wrong has been committed is one thing, the measure of liability when a wrong has been committed is another.

*Exceptions sustained.*