EMMA L. COBB *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    April 3, 1901. — May 24, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, On street railway.    *Street Railway*, Duties of conductor.

It is the duty of a conductor of a street car to remove at once an intoxicated passenger who is vomiting profusely, and he need not wait until a woman passenger who has just entered the car has taken her seat and left the aisle clear.

A passenger in a street car assumes the risk of collision with an obnoxious drunken passenger whom the conductor is removing by force in a reasonable manner. Following *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488.

TORT for injuries alleged to have been incurred by the plaintiff from the negligence of the conductor of the defendant while removing a drunken passenger from a car of the defendant in which the plaintiff was a passenger.    Writ dated January 18, 1900.

In the Superior Court, *Sherman*, J., refused to rule, at the request of the defendant, that there was no evidence which would warrant a jury in finding a verdict for the plaintiff, and left the case to the jury, who returned a verdict for the plaintiff in the sum of $600.    The defendant alleged exceptions.    The case is fully stated by the court.

*G. L. Mayberry*, for the defendant.

*E. B. Hale, F. E. Dickerman & S. J. Elder*, for the plaintiff.

LATHROP, J.    This is an action for personal injuries alleged to have been sustained by the plaintiff, while a passenger on a car of the defendant, by reason of the negligent act of the conductor of the car in removing a drunken passenger.

According to the plaintiff's testimony, as she entered the car by the rear door, she noticed a man sitting on the right hand side of the car and about five or six seats from the door, who appeared to be intoxicated, and was vomiting profusely in the aisle ; that she started for the first vacant seat, which was four or five seats from the door ; that the conductor rushed by her, and, going up to the man who was vomiting, took him by the shoulders and conducted him toward the rear door ; that she had

reached the seat, turned round, and was just in the act of seating herself when they went by her, the drunken man being nearer to her than the conductor; and that in some way as they passed she was tripped up; that she thought that the foot of the drunken man struck and tripped her; and that she fell on her knees on the floor of the car, and was injured.

One of the other passengers, who testified in behalf of the plaintiff, said that the drunken man put out his feet to brace himself, so as to prevent the conductor from getting him out of his seat; and that he thought as the drunken man put out his feet, one of them came in contact with the plaintiff, who was about to seat herself, and tripped her so that she fell forward on her knees. He further testified that the drunken man was in a sleepy condition, and did not disturb anybody until he began to vomit.

It was in evidence that it was a rule of the defendant that the conductor should immediately remove from the car any person who by reason of intoxication made himself obnoxious to other passengers; and that it became the duty of the conductor in compliance with this rule to remove the intoxicated man at once when he began to vomit.

The defendant requested the judge to rule that there was no evidence which would warrant the jury in finding a verdict for the plaintiff. The judge refused so to rule; and the case is before us on the defendant's exception to the refusal to give this ruling.

We need not consider whether the plaintiff was in the exercise of due care in not stopping the car, or retreating to the rear platform when she saw the condition of things inside the car, as we are of opinion that there was no evidence of negligence on the part of the conductor of the car; and that the judge should have so ruled.

It is not contended that the conductor was negligent in admitting the man to the car; and it is conceded that it was his duty to remove the man promptly; but it is urged that before doing so he should have waited until the plaintiff was seated and the aisle was clear. This seems to us to be refining too much. It is the duty of a conductor in such a case as this to act at once, and to remove the obnoxious person; and his act was a lawful

one.  *Vinton* v. *Middlesex Railroad*, 11 Allen, 304.  *Sullivan* v. *Old Colony Railroad*, 148 Mass. 119.  In *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488, a similar case, it was said : " So far as appears, the conductor was acting rightly in putting the drunken man off the car.  As against the plaintiff, he was doing one of the things which she had to contemplate as liable to happen when she got into the car.  We all know that, if people are standing in the passageway of a street car, you cannot remove a man forcibly through the passageway without more or less contact.  If the fall upon the plaintiff was the necessary consequence of a lawful and reasonable act, then it was one of the risks which she assumed when she took her passage."  We can see no material difference between that case and the one before us.

*Exceptions sustained.*