FRANK M. THAYER *vs.* OLD COLONY STREET RAILWAY COMPANY.

Plymouth. November 20, 1912. — March 31, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway. *Carrier,* Of passengers.

The standard of care required as between passenger and carrier, while spoken of as the highest degree of care, is reasonable or due care under the circumstances. By BRALEY, J.

It is the duty of the conductor of a street railway car, who is ejecting from it an obnoxious passenger, not only to use reasonable and ordinary care toward the person expelled, but also to avoid needless injury to the other passengers, and, if by reason of the negligence of the conductor in expelling the objectionable passenger one of the orderly passengers is injured, the company operating the railway is liable to such passenger for his injuries.

TORT for personal injuries sustained on Labor Day, September 7, 1908, at Hingham, when the plaintiff was returning from Nantasket Beach to his home in Brockton, from being thrown or drawn from an open car of the defendant when the conductor was pulling from the car an intoxicated passenger, who was sitting next beyond the plaintiff on the same seat of the car and whose fare the conductor had returned. Writ dated January 5, 1909.

In the Superior Court the case was tried before *Fessenden,* J. The evidence is described sufficiently in the opinion. At the close of the evidence the plaintiff asked the judge to make certain rulings, which the judge refused to make. Among the rulings thus refused was one numbered five, which is quoted in the opinion. The other rulings requested have become immaterial for the reasons there stated. A material portion of the charge also is quoted in the opinion.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in November, 1912, before *Rugg,* C. J., *Hammond, Loring, Braley & Sheldon,* JJ., and afterwards was submitted on briefs to all the justices.

*R. W. Nutter,* (*C. C. King* with him,) for the plaintiff.

*Asa P. French,* (*J. S. Allen, Jr.,* with him,) for the defendant.

BRALEY, J.  The defendant lawfully could have excluded from the car on which the plaintiff was a passenger, persons who from intoxication or by the use of indecent or profane language might cause annoyance and discomfort to other passengers.  Or where the conduct of a person who has become a passenger is so offensive and disorderly as reasonably to warrant the inference, that inconvenience or annoyance may be caused, expulsion can be enforced even if no overt act of positive disturbance has been committed.  The carrier is not required to await the final outbreak with its probable consequences, before taking appropriate action.  *Connors* v. *Cunard Steamship Co.* 204 Mass. 310, 315.  *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477, 485.  In common with his co-passengers the plaintiff had by the contract of carriage invoked the protection and benefit of this rule, whenever the defendant acting through its conductor in charge of the car deemed its enforcement reasonably necessary.  *Jacobs* v. *West End Street Railway*, 178 Mass. 116, 118.  *Cobb* v. *Boston Elevated Railway*, 179 Mass. 212.

The evidence as to the intoxicated condition and unseemly behavior of the person ejected, whose name does not appear, amply warranted the jury in finding, as their verdict for the defendant shows, that his expulsion had been justifiable.  But the action is not between him and the company.  It is brought by a passenger who during the process of ejection, and by the mode of removal adopted had been lifted from his seat, forced from the car, and thrown to the ground.  The defendant was bound to protect the plaintiff from personal harm at the hands of its servants, whether the injuries were wilfully or negligently inflicted.  *St. John* v. *Eastern Railroad*, 1 Allen, 544.  *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477.  *Ramsden* v. *Boston & Albany Railroad*, 104 Mass. 117, 120.  *Gray* v. *Boston & Maine Railroad*, 168 Mass. 20.  It is not relieved from liability by proof that ejection was warranted and that no more force had been used on the person ejected than was reasonably necessary.  The evidence must go further.  It should appear that the plaintiff's injuries did not result from the conductor's negligence.  *Gray* v. *Boston & Maine Railroad*, 168 Mass. 20.

The defendant places great reliance upon *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488, and *Cobb* v. *Boston Elevated*

*Railway,* 179 Mass. 212, as exonerating it. But in the first case the question now presented was left undecided, while in the second case the plaintiff, when about to take a seat in a car with a crowded aisle, was tripped by contact with an intoxicated man whom the conductor was removing in accordance with the rules of the road. The decision for the defendant is put expressly upon the ground, that under the circumstances it was not reasonable for the passengers who were standing to require the conductor to wait until they had been seated before attempting the removal, and the evidence failed to show any negligence toward the plaintiff.

A passenger by his contract, and where he is innocent of any wrongdoing, does not as matter of law, however, assume the risk during transportation of being pushed bodily from the car by the carrier's servant, while the servant is engaged in lawfully ejecting an obnoxious person. It would be a violation, not merely of the essence of the rule which springs from the contract itself, to declare, that while disorder can be suppressed, and if necessary those engaged therein expelled, the carrier can remove the objectionable person regardless of the personal welfare of orderly passengers for whose protection the act of expulsion is undertaken. The standard of care required as between passenger and carrier, while spoken of as the highest degree of care, is reasonable or due care under the circumstances. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284. *Donahoe* v. *Boston Elevated Railway, ante,* 70. Whether reasonable and ordinary care has been used not only as regards physical coercion upon the person expelled, but to avoid needless injury and ill treatment to passengers during the removal, is a question of fact for the jury under suitable instructions. *Vinton* v. *Middlesex Railroad,* 11 Allen, 304. *Holmes* v. *Wakefield,* 12 Allen, 580. *Ramsden* v. *Boston & Albany Railroad,* 104 Mass. 117, 120, 121. *Murphy* v. *Union Railway,* 118 Mass. 228. *Commonwealth* v. *Brockton Street Railway,* 143 Mass. 501, 508. *Gray* v. *Boston & Maine Railroad,* 168 Mass. 20.

The plaintiff's fifth request, that "it is the duty of the conductor of a street railway company, who is ejecting a passenger from a car, to do it with reasonable care toward the other passengers," and "if the jury find that in this case the objectionable passenger

was not ejected with such care, and the plaintiff was injured in consequence thereof, then the defendant is liable," accurately stated the law. But if the instructions properly directed the attention of the jury to the issues whether the expulsion was justifiable, and whether the conductor used unnecessary force upon the person of the expelled passenger, no specific instructions were given in form or in substance as called for by this request. The judge said, "It is only if the conductor used unnecessary force that the plaintiff may recover." "If the conductor here, in ejecting the party from the car, used the necessary force, even although the plaintiff was injured thereby, the plaintiff cannot recover." The jury should not have been thus restricted, but their attention also should have been appropriately directed to the correlative ground of liability to which the judge's attention had been called by the request, and by the plaintiff's counsel at the close of the charge.

The plaintiff having duly excepted to the refusal to rule as requested, and to the rulings given; these exceptions in the opinion of a majority of the court must be sustained. It is unnecessary to review at length the remaining requests. The first and fourth were given in substance. The seventh is not open under the declaration. The sixth has not been argued, and the second and third, while they could not have been given in terms, are covered by the reasons stated in dealing with the fifth request.

Nor was there error in the admission of evidence describing the appearance and conduct of the ejected passenger as exhibited on another car of the defendant, referred to as the "trailer," upon which almost immediately he took passage. The evidence having been sufficiently near in point of time, its admission to show that he was intoxicated while on the car which he had left was discretionary. *Lane* v. *Moore*, 151 Mass. 87, 89, 90.

*Exceptions sustained.*