## GEORGE W. JONES *vs*. MEYER SCHEIN.

Middlesex.    March 28, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Malicious Prosecution.*

In an action for malicious prosecution, there was evidence tending to show, that the defendant had told the chief of police of the town where he lived that five geese had been stolen from his yard and that he had seen the plaintiff and his brother "hanging around" there the night before.  On this statement being made to a trial justice, a warrant to search the house of the plaintiff's brother was issued, a search was made and four of the geese were found in the cellar, and the plaintiff, who was boarding in the house, was found upstairs and was arrested as the person in whose possession the geese were found.  He was held in custody for two days, when a complaint was made against him signed by the chief of police, charging him with larceny of the geese, on which charge he was tried and acquitted.  The defendant admitted that the plaintiff was not "hanging around" his place on the evening in question.  The plaintiff testified that, when he asked the defendant why he had had the plaintiff arrested, the defendant said that "he was sorry, he thought" the plaintiff "was the one."  *Held*, that the jury were warranted in finding that the defendant caused the charge to be made against the plaintiff without probable cause to believe him guilty and with no sincere belief in his guilt, and that it could not be ruled as a matter of law that there was no evidence upon which the plaintiff might recover.

TORT for malicious prosecution.  Writ dated January 5, 1910.

In the Superior Court the case was tried before *Lawton*, J. The material facts are stated in the opinion.  At the close of the plaintiff's evidence, the defendant rested and asked the judge to rule (1) "that there was no evidence upon which the plaintiff might recover," and (2) "that upon the plaintiff's evidence, the defendant was entitled to a verdict."  The rulings were refused.  The jury found for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. S. Case*, for the defendant.

*W. J. Corcoran*, for the plaintiff.

LORING, J.  On Christmas morning, 1909, the defendant told the chief of police for the town of Saugus that five geese had been stolen from his yard, and that he had seen the plaintiff and his

brother "hanging around" there the night before. On the story being told to the judge * a warrant to search the house of the plaintiff's brother was issued; four of the geese were found in the cellar, and the plaintiff, who was a boarder in the house, was found upstairs and arrested as the person in whose possession the geese were found. He was held in custody until Monday, December 27, when a complaint was made against him signed by the chief of police, charging him with the larceny of the geese. He was tried on December 31 and acquitted. Thereupon this action for malicious prosecution was brought. At the trial the defendant admitted that the plaintiff was not "hanging around" his place in Saugus on the evening in question. The plaintiff testified that he asked the defendant "what he had me arrested for" and that the defendant said "he was sorry, he thought I was the one." In this the plaintiff was corroborated by his wife. The defendant without going on the stand as a witness rested on the plaintiff's evidence and asked for a ruling that on this evidence the plaintiff could not recover.

Even then a verdict for the defendant well might have been expected, but we cannot say that as matter of law the jury were bound to find for him. They were warranted in finding on the admissions of the defendant that he caused the charge of larceny to be made against the plaintiff in the case at bar, although the complaint was signed by the chief of police. And the fact that the defendant here told the chief of police that he saw the plaintiff "hanging around" his place on the night before, when admittedly the plaintiff was not there, warranted a finding that the charge was made without probable cause to believe him to be guilty; and from this the jury were warranted in inferring that the charge was made in bad faith, without any sincere belief in the plaintiff's guilt. For the facts which must be proved to make out a case of tort for malicious prosecution see *Falvey* v. *Faxon,* 143 Mass. 284, 285. The entry must be

*Exceptions overruled.*

---

* A trial-justice.