SARAH CLISH *vs.* BOSTON, REVERE BEACH AND LYNN RAIL-
ROAD COMPANY.

Essex.   November 6, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Railroad.   *Carrier,* Of passengers.

If a special police officer of the city of Boston in the employ of a railroad corporation
and admitted to have been acting as its agent, after having arrested a person
who was drunk and disorderly in a station of the corporation in that city and
having confined him in the baggage room to await the arrival of the patrol
wagon, later took him along the station platform in the direction of the
patrol wagon, whereupon the drunken man struggled and grappled with the
officer and in the scuffle a woman passenger, who was waiting to take her train
and was looking in the direction from which it was coming, was struck from be-
hind by one or both of them and was thrown to the ground, in an action brought
by the woman against the railroad corporation for her injuries thus sustained,
where there is evidence warranting a finding that the officer should have taken
the drunken man out through a rear door instead of across the part of the
platform where there were passengers, or that at least he should have obtained
assistance in removing the drunken man or have given warning to the plain-
tiff, there is evidence that the defendant's admitted agent, while acting within
the scope of his authority, failed to exercise reasonable care toward the
plaintiff as a passenger, who was in the exercise of due care.

TORT for personal injuries sustained on April 1, 1912, when
the plaintiff, who was a woman sixty-five years of age, was a
passenger of the defendant and was waiting for her train on the
platform of the defendant's station at Orient Heights in the
part of Boston called East Boston, from being struck and knocked
down by reason of the alleged negligence of an agent or servant
of the defendant.   Writ dated May 23, 1912.

In the Superior Court the case was tried before *Keating,* J.
The facts which could have been found upon the evidence are
stated in the opinion.   Fitzgerald, mentioned in the opinion,
was called by the plaintiff as a witness and testified that he had
been in the employ of the defendant for about three years in the
capacity of special officer at its Orient Heights station, pre-
sumably appointed under St. 1898, c. 282.   The fact that Fitz-
gerald was acting as the defendant's agent at the time of the
plaintiff's injury was not disputed by the defendant.

At the close of the evidence the judge refused to order a ver-

dict for the defendant, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,350. The defendant alleged exceptions.

*S. Parsons,* (*H. A. Bowen* with him,) for the defendant.

*W. E. Sisk,* for the plaintiff.

DE COURCY, J. The verdict indicates that the jury did not accept the defendant's version of the accident, which was that the plaintiff's injury was caused by a sudden and unavoidable act of violence on the part of a drunken man while he was being properly removed from the defendant's premises. See *Cobb* v. *Boston Elevated Railway,* 179 Mass. 212.

There was testimony which, if believed, warranted the jury in finding the following facts: One Henry was drunk and disorderly in the Orient Heights station of the defendant. After some resistance he was placed under arrest by Fitzgerald, a special officer in the defendant's employ, and was confined in the baggage room to await the arrival of the patrol wagon. Later, Fitzgerald took him along the station platform in the direction of the police wagon, but Henry struggled and grappled with the officer for a distance of thirty or forty feet, when they both fell. Near the end of the scuffle the plaintiff was struck from behind by one or both of the men, and was thrown to the ground.

The jury would be warranted in finding that Fitzgerald should have taken Henry out through the rear door instead of across the platform where there were passengers; or at least that he should have obtained assistance in removing Henry, or have given warning to the plaintiff. In other words they could find that this admitted agent of the defendant, while acting within the scope of his authority, failed to exercise reasonable care under the circumstances, which was the standard of duty imposed upon him by the trial judge without objection. *Thayer* v. *Old Colony Street Railway,* 214 Mass. 234.

The issue of the plaintiff's due care clearly was for the jury. She was a passenger, standing on the platform and looking in the direction from which her train was coming. Presumably the jury believed her story that no warning was given to her and that she knew nothing of any trouble until she heard the scuffling behind her and was knocked down upon the platform.

*Exceptions overruled.*