EMMA L. MASON *vs.* PAUL H. JACOT & another.

Suffolk.    December 3, 1919. — May 17, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL,
& JENNEY, JJ.

*Agency,* Scope of authority. *Malicious Prosecution. Evidence. Proximate*
    *Cause. Practice, Civil,* Order of evidence.

At the trial of an action by a woman against the proprietor of a hotel and restaurant
    for malicious prosecution, there was evidence warranting a finding that the

manager and the cashier of the restaurant were authorized by the defendant to do whatever in their opinion was reasonably necessary in the conduct of the business and the preservation of order, even to the extent of calling the aid of the police and of causing appropriate criminal proceedings to be instituted. There also was evidence tending to show that, upon a controversy arising with the plaintiff's husband over payment for food and drink and after the plaintiff's husband and the waiter, who had served him and the plaintiff, had assaulted one another, the manager called a police officer and said to him, "Get after these people [the plaintiff and her husband] and get after them quick. . . . You know me! Get after that couple! You know me! and go the limit. I will stand good for it;" and that the cashier said to the officer, "Take them out of here and give them the limit, push them out of here, take them out of here altogether." There also was evidence that, in the presence of the manager and of the cashier, the police officer said to the plaintiff and her husband, "You people have been drinking," that he took them to a police station and caused the arrest of the plaintiff on a charge of drunkenness, and that the plaintiff was acquitted, the charge being groundless. *Held,* that

(1) A finding was warranted that the officer was constituted the agent of the defendant to arrest the plaintiff and to institute against her whatever criminal proceedings in his opinion could be sustained in any view of the acts of the plaintiff at the restaurant;

(2) The making of a complaint for drunkenness might fairly be regarded as within the terms of the discretion given to the police officer under all the circumstances;

(3) It could not be said that a finding was not warranted that the agents of the defendant, acting within the scope of their authority, without reasonable cause and upon an improper motive, set in motion the train of causation which naturally and proximately resulted in the arrest and accusation of the plaintiff.

The order of the admission of evidence is within the discretion of the trial judge.

TORT, by a guest against the proprietor of a hotel and restaurant, with a declaration in three counts, the third count alleging the malicious prosecution of the plaintiff on a charge of drunkenness. Writ dated April 18, 1916.

In the Superior Court the action was tried before *Fessenden,* J. Material evidence is described in the opinion. The evidence, objected to by the defendants and referred to in the last paragraph of the opinion, was testimony of the plaintiff and of her husband tending to show the conduct of the police officer toward them after they left the restaurant. The evidence first was admitted *de bene* upon an offer by the plaintiff to show that the officer was acting within authority given by the defendants' manager and cashier, and, later, a motion by the defendants to have it stricken out was denied. At the close of the evidence, the defendants moved that a verdict be ordered for them. The motion was denied. The defendants then asked among other rulings for the following: "Upon

all the evidence the defendants did not maliciously prosecute the plaintiff." The judge refused the ruling. The jury found for the plaintiff in the sum of $3,650 on the third count for malicious prosecution; and the defendants alleged exceptions.

The case was argued at the bar in December, 1919, before *Rugg*, C. J., *Braley*, *DeCourcy*, *Crosby*, & *Pierce*, JJ., and afterwards was submitted on briefs to all the Justices.

*C. J. Martell*, for the defendants.

*J. J. Mansfield*, (*J. F. Creed* with him,) for the plaintiff.

RUGG, C. J. This is an action of tort. The third count in the declaration, with which alone we are now concerned, alleged the prosecution with malice and without probable cause of a groundless charge for the crime of drunkenness against the plaintiff, which had terminated in her favor. The defendants are the proprietors of a hotel, in conjunction with which they conduct a restaurant. Louis O. Jacot was the general manager of the business and one Josephine Fennelly was cashier and in direct charge of the restaurant. The plaintiff and her husband went to the restaurant on the evening in question. Food and drink were ordered and served. A dispute arose as to the order and the sum to be paid for it, followed according to some of the evidence by an assault upon the waiter by the husband of the plaintiff. There was evidence that afterwards the waiter assaulted the plaintiff and her husband struck him; that the plaintiff's husband repeatedly asked the waiter for a check for the amount of the purchase but failed to get it; that he finally went to the cashier's desk and after making a similar unsuccessful request of Mrs. Fennelly, handed her an envelope with his name and address on it and told her that he could not wait longer to settle the bill but later would come in and pay it; that the plaintiff and her husband then attempted to leave the restaurant but were intercepted by employees of the defendants; that after reaching the street they were met by a police officer (summoned by the waiter and Louis O. Jacot) who asked them to return to the restaurant, which they did accompanied by him; that they went to the cashier's desk and there were charged by the female defendant and by Mrs. Fennelly and Louis O. Jacot with leaving the place without paying for the food; that Louis said to the officer in the presence of the female defendant: "Get after these people and get after them quick. . . . You know me! Get after

that couple! You know me! and go the limit. I will stand good for it;" that Mrs. Fennelly said to the officer: "Take them out of here and give them the limit, push them out of here, take them out of here altogether." The testimony is not clear as to the time when these words were spoken to the officer. It seems fairly inferable from the plaintiff's testimony that it was immediately before she and her husband left the restaurant to go to the police station, where they were placed under arrest. From other testimony, it would appear that it was before the husband paid the bill. The time when they were spoken was a question of fact. There was testimony, also, to the effect that the female defendant prevented one Mrs. Lewis, a bystander, who said in the presence of the officer, "I would like to tell you how this thing was. I would like to see justice done to these people," from saying anything more and handled her roughly, and that the officer, when Mrs. Lewis attempted to hand her card to the plaintiff, stepped between them and told them it was time for them to be going; that after the plaintiff and her husband had left the restaurant with the police officer, Mrs. Lewis spoke with Mrs. Fennelly at the cashier's desk and the latter said to her: "It is not all over, they have arrested those people;" that after about fifteen or twenty minutes the police officer returned to the restaurant and told Mrs. Fennelly and the waiter that he had arrested the plaintiff and her husband and made reference in his conversation to drinking by the plaintiff and her husband and said something to Mrs. Fennelly and the waiter about appearing in court as witnesses, and that Mrs. Fennelly and another woman, who was at the time a guest of the hotel and a friend of the defendants and their agents and present in the restaurant at the time the plaintiff was there, testified at the trial of the plaintiff upon the complaint for drunkenness; and that the police officer had frequently been called to the premises of the defendants on other occasions. The police officer testified that while he and the plaintiff and the others were at the cashier's desk in the restaurant he said, referring to the plaintiff and her husband, "You people have been drinking." This statement might have been found to have been made in the presence of the agents of the defendants.

The evidence warranted a finding that Louis O. Jacot and Mrs. Fennelly were authorized by the defendants to do whatever in

their opinion was reasonably necessary in the conduct of the business and the preservation of order, even to the extent of calling the aid of the police and causing appropriate complaints to be made. *Robinson* v. *Doe*, 224 Mass. 319. *Murphy* v. *Bay State Wine & Spirit Co.* 212 Mass. 285. *Coughlin* v. *Rosen*, 220 Mass. 220. *Ryan* v. *Marren*, 216 Mass. 556. The words of both these persons to the police officer quoted above, and spoken in the presence of the female defendant, were enough to support a finding that he thereby was constituted the agent of the defendants to arrest them and institute against the plaintiff whatever criminal proceeding in his opinion could be sustained in any view of the acts of the plaintiff in the controversy at the restaurant. The conduct of the female defendant and of the police officer with respect to Mrs. Lewis, and her efforts to present the facts as she saw them, may rationally be thought to have some tendency to support the plaintiff's contention. The making of a complaint for drunkenness might fairly be regarded as within the terms of the directions given to the police officer under all the circumstances. If it be assumed that the plaintiff's husband paid the bill at the restaurant after the words were spoken to the officer heretofore quoted, there was no evidence tending to show that he was then or thereafter told by the female defendant or the agents of the defendants to disregard the request and directions theretofore given, and the jury might infer that this omission was not accidental but intentional. It cannot be said that the jury were not justified in finding that the agents of the defendants acting within the scope of their authority without reasonable cause and upon an improper motive set in motion the train of causation which naturally and proximately resulted in the arrest and accusation of the plaintiff. *Jones* v. *Schein*, 215 Mass. 586. *Dupre* v. *Childs*, 52 App. Div. (N. Y.) 306, affirmed 169 N. Y. 585. *Magar* v. *Hammond*, 183 N. Y. 387. The case is distinguishable in this particular from *Brown* v. *Boston Ice Co.* 178 Mass. 108, 110, and *Cotter* v. *Nathan & Hurst Co.* 218 Mass. 315. The case was for the jury and the rights of the defendants were carefully protected in the charge.

The case is quite distinguishable from *Burnham* v. *Collateral Loan Co.* 179 Mass. 268, where the agents of the defendant made a fair and full presentation of facts to the officer and left the

course to be pursued to his judgment without pressure or coercion on their part.

There was no error in the admission of evidence. Its order was within the discretion of the trial judge. In the opinion of a majority of the court the entry must be

*Exceptions overruled.*