Cowdrey, P.J.
This is an action in tort to recover damages for the alleged intentional infliction by the defendant of emotional distress upon the plaintiff.
The plaintiffs complaint, filed on April 16, 1982, contends in relevant part:
On or about April 1, 1982, the defendant. . . wrongfully and falsely accused the plaintiff, its employee, of stealing merchandise and money from the defendant; the defendant detained the plaintiff under circumstances of confinement in the back room of its store, and interrogated the plaintiff intensively, and threatened her. with civil and criminal action, for a period of approximately two and one-quarter hours, and by such interrogation and threats, extracted from her a false written confession of stealing, and a promise of restitution of money and property that she did not steal. The defendant then discharged the plaintiff from her employment.
On May 7,1982, the defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion to dismiss on the grounds that the plaintiff’s exclusive remedy was pursuant to the provisions of the Workmen’s Compensation Act, and that the plaintiffs complaint thus failed to state a claim for which relief could be granted by the trial court. The court allowed the defendant’s motion to dismiss, after hearing, on June 10, 1982.
The plaintiff has claimed a report to this Division on a charge of error in the trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion.
1. We affirm the dismissal of the plaintiffs suit in accordance with the rule of law set forth by the Supreme Judicial Court in Foley v. Polaroid Corp., Mass. (1980).a By virtue of the exclusivity provision of the Workmen’s Compensation Act, G.L. c. 152, § 24,[1] no common law action by an employee may be main *93 tained for the intentional infliction of emotional distress “arising out of and in the courseof . . . employment.” G.L. c. 152, § 26; Foley v. Polaroid Corp., supra at 2118.
We are unpersuaded by, the plaintiffs endeavors to escape the Foley rule by factually distinguishing her claim in the instant case as one for emotional distress arising from the severance or termination of employment, rather than “in the course of’ employment. The complaint expressly states that the plaintiff was not discharged until the expiration of her period of confinement and interrogation by the defendant. The plaintiff thus remained an employee “at all relevant times” herein. Ibid., at 2117. The events in question took place on the premises of the defendant-employer; and involved the defendant’s condemnation of the plaintiff, as employee, for acts of theft allegedly perpetrated by her in the context of her employment, and thus a condemnation for work-related incidents. Zygmuntowicz v. American Steel & Wire Co., 240 Mass. 421, 424 (1922).[2] It is clear that the recovery sought by the plaintiff herein is a recovery for personal injuries arising “out of and in the course of’ her employment.
The plaintiffs reliance on Agis v. Howard Johnson Company, 371 Mass. 140 (1976) for a contrary result herein is misplaced. Although recovery was permitted therein for the intentional infliction of emotional distress upon an employee under circumstances similar to those operative in this case, the Supreme Judicial Court did not reach in Agis any issue as to the exclusivity provision of G.L. c. 152, § 24 of the Workmen's Compensation Act. This issue was, however, expressly addressed and resolved by the Court four years later in Foley. We are bound by the latter, specific precedent. The plaintiffs contention that Agis now stands as an exception to the Foley rule which permits recovery for emotional distress inflicted during employment terminations is without merit. We have gleaned from the dissenting opinion of Justice Quirico in Ferriter v. Daniel O’Connell's Sons Inc., Mass. (1980)b a persuasive rejection of the plaintiff s assertion of the post -Foley viability ofrigú as authority for an employee’s common law recovery for work-related injuries:
[I]t can be said that there is nothing in our decisions in the George, Agis, Dzionski or Diaz cases[3] ... to indicate that we foresaw, or intended that the principles stated there were to apply to cases stemming from injuries covered under the Workmen’s Compensation Act. In my opinion, we start with a clean slate as to the applicability of the rule of those cases to cases stemming from injuries under the Act. The expansion of our common law of torts such as that accomplished by the four decisions indentified above is invariably followed by litigation to determine the scope or limitations of the new principles, and that is what we face here. Nothing we have done to date compels or requires that we now make these new principles applicable to cases stemming from injuries under the Workmen’s Compensation Act. It is not enough to determine whether the. legal theories can be extended to cover the cases before us. The question is whether they should be. I believe that they should not. In this as in most situations, abstract theorization must yield to practicality at some point.
*94 Ibid., at 2107.
2. The plaintiff has requested that this Division grant her leave to amend her complaint. As G.L. c. 152, § 24, read in the light of the Foley case, precludes a common law action for the intentional infliction of emotional distress in the course of employment, we assume that the plaintiff wishes to amend her complaint so as to set forth a different cause of action in tort against the defendant. Certain tortious wrongs, including defamation, malicious prosecution and false imprisonment, are not cognizable as personal injuries compensable under the Workmen’s Compensation Act. See Foley v. Polaroid Corp., supra at 2118-2119, citing Madden's Case, 222 Mass. 487 (1916). General Laws c. 152 thus imposes no absolute impediment to the plaintiffs institution of suit on a different theory, although caution must be exercised to avoid the plaintiffs double recovery both under G.L. c. 152 and in an action at law.
The factual allegations of the plaintiff’s complaint do not conclusively establish that the plaintiff can prove no set of facts under any theory of law which would entitle her to some form of relief. Accordingly, in view of the liberal policy of amendment underlying Dist./Mun. Cts. R. Civ. P., Rule 15, we grant the plaintiff s request to amend her complaint. Jessie v. Boynton, 372 Mass. 293, 295 (1977); Bass River Lobsters, Inc. v. Smith, 7 Mass. App. Ct. 197, 198-199 (1979).
3. The trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion is affirmed. The plaintiff is hereby granted twenty days from the date of notification by the trial court clerk of this decision to file an amended complaint. This case is returned to the trial court for further proceedings.

 Mass. Adv. Sh. (1980)2113.

 General Laws c. 152, § 24 states: “An employee shall be held to have waived his right ofaction at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person or self-insurer, if the employee shall not have given the said notice within thirty days of the time said employer bacame an insured person or a self-insurer. ” The plaintiff has at no time alleged, in opposition to the defendant’s Rule 12 (b) (6) motion, that she served a written notice upon the defendant to preserve her common law rights of action.

It may be noted that the plaintiff s injuries in Zygmuniowicz were found to have arisen ‘ ‘out of and in the course of employment” despite the fact that the plaintiffs employment had been terminated immediately prior to the assault and battery upon him by co-workers. The plaintiff was in fact on the employer’s premises, objecting to his discharge and in the process of leaving when the attack occurred.

 Mass. Adv. Sh. (1980) 2074, 2099 et. seq.

George v. Jordan Marsh Co., 359 Mass. 244 (1971); Agis v. Howard 371 Mass. 140 (1976); Dzionski v. Babineau, 375 Mass. 555 (1978); Diaz v. Eli Lilly & Co., 364 Mass. 153 (1973).