Before STATE INDUSTRIAL BOARD, Respondent.

ELLA OLSON, Respondent, v. HULBERT-SHERMAN HOTEL COM-
PANY, Defendant, Impleaded with JAMESTOWN MUTUAL INSUR-
ANCE COMPANY, Appellant.

Third Department, November 13, 1924.

Workmen's compensation — relationship — employee who several days
after quitting work was injured while at employer's place of business to
collect wages, did not suffer injury arising in course of employment.

The claimant who several days after quitting work as a chambermaid for the
defendant returned to the defendant's hotel for the purpose of collecting wages
due her was not an employee of the defendant at that time, and the injury which
she then suffered when she fell down stairs in the hotel did not arise in the course
of her employment.

APPEAL by the defendant, Jamestown Mutual Insurance Com-
pany, from an award of the State Industrial Board, made on the
20th day of September, 1923, and also from an award made on the
20th day of March, 1924.

*Thrasher & Leonard* [*John S. Leonard* of counsel], for the
appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

HINMAN, J.:

Claimant had been working as a chambermaid at a hotel for
three days, quitting on Saturday because she was not well. On the
following Monday she went to the hotel and sought out Mrs.
Murphy, the housekeeper, and asked for her pay. The house-
keeper said she could not pay her at that time and told her to
come back any morning. The following Thursday morning claimant
again sought out Mrs. Murphy on the second floor of the hotel.
Again Mrs. Murphy told her she could not pay her and claimant,
while walking down the stairs in the hotel, on her way home, fell
and injured her leg.

The question is whether her accident arose in the course of her
employment. The State Industrial Board has found that claimant
was injured in the course of her employment upon the theory that
collecting wages is incidental to an employment and that the
employee has not taken herself out of her employment until this
final action for which her labor has been expended is consummated.
We think the rule adopted is too broad. Whatever may be the
proper rule to apply to the employee who, upon quitting his
employment, is injured upon the premises while proceeding with

reasonable dispatch and directness to the office to get his pay, we have no such case here. There must come a time when the relationship of master and servant ends and, on grounds of convenience to both, the period of that relationship may be deemed to cover impliedly a reasonable interval of time and space for the employee to get his pay and to leave the premises. We think that if he leaves the premises without getting his pay, the sole relationship that remains is that of debtor and creditor.. There is no duty to the master that remains and there is no further obligation on the part of the master save only the payment of a debt which the former employee could collect through another or assign to another. The personal relationship which is of the essence of master and servant has then ceased. It is not reasonable to say that the employer is absolved from the responsibility of safely conducting the employee from his bench to a place where he becomes again a part of the general public. That status having been regained he is no longer an employee and if injured on a subsequent visit to the plant to get his pay or his tools or other personal property the accident may be said to arise out of his employment but it cannot be said to be in the course of it. Claimant was not injured in the course of her employment and the award was improperly made.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.