In the Matter of the Claim of JOHN DUNN, Respondent, against THE UNIVERSITY OF ROCHESTER, Appellant. STATE INDUSTRIAL BOARD, Respondent.

(Argued January 15, 1935; decided February 26, 1935.)

*Edward I. Cristy* for appellant. At the time of the accident the relationship of the appellant to the claimant was that of licensor-licensee. (*Huscroft* v. *Bennett,* 7 B. W. C. C. 41; *Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126; *Matter of Kowalek* v. *New York Consolidated R. R. Co.,* 229 N. Y. 489; *Matter of Commissioner of Taxation* v. *Fure,* 264 N. Y. 678; *Golbe* v. *Port Jervis Water Works,* 35 State Dept. Rep. 716; *Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71; *Matter of Beach* v. *Velzy,* 238 N. Y. 100; *Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Matter of Groszek* v. *Western Union Tel. Co.,* 262 N. Y. 478; *Schonback* v. *School District No. 5,* 262 N. Y. 666; *Matter of McGuckin* v. *Ætna Life Ins. Co.,* 262 N. Y. 545; *Matter of Johnson* v. *Smith,* 263 N. Y. 10; *Jacobson* v. *Jamaica Jewish Center, Inc.,* 238 App. Div. 886.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. At the time of the accident the claimant was an employee of the appellant and the accidental injuries received by him arose out of and in the course of his employment. (*Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60; *Maher* v. *Commander Taxi Corp.,* 227 App. Div. 832; *Matter of Johnson* v. *Roosevelt Memorial Assn.,* 259 N. Y. 641.)

*Per Curiam.* The claimant's employment was confined to the operation of a gas filling station at a regular weekly wage. The permissive operation of a service station for his own profit was not part of that employment, even though the permission may have been granted because the operation of a service station would be convenient, and even though such permission may have

induced the .claimant to accept the employment. (Cf. *Huscroft* v. *Bennett*, 7 B. W. C. C. 41.) The courts below have relied upon the decision of this court in *Matter of Johnson* v. *Roosevelt Memorial Assn.* (259 N. Y. 641). There the claimant was injured while engaged for the benefit of the employer in the work which he was employed to do, though as remuneration for his work he was entitled to its direct profits. Here the work lay outside the scope of the employment and was performed voluntarily for the benefit of the claimant and not of the employer.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, with costs in all courts against the State Industrial Board.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.