FORMAN *v.* CHRYSLER CORPORATION.

[No. 15,731. Filed July 2, 1936.]

*Charles L. Tindall,* for appellant.

*Harvey J. Elam, James W. Fesler, Howard S. Young* and *Irving M. Fauvre,* for appellee.

KIME, C. J.—Appellant was employed by appellee as an inspector of steering gears at appellee's factory and as such inspector worked full time on August 20, 1934. The next day, on reporting for work, appellant was informed that because of lack of work he was laid off and at that time was given a white slip of paper notifying him to check out his tools. He then went to the

employment office with his foreman, where plaintiff was told by a man in that office to come back the next day, August 22, at 3:00 o'clock P. M., to receive his pay. On August 22, while en route to the appellee's factory to collect his pay about 2:30 o'clock P. M., and when about one square from the said factory, upon a public highway, the motocycle upon which plaintiff was riding and which he owned was in a collision with an automobile and plaintiff received an injury to his leg, since which time, owing to such injury, he has been unable to do any work.

Appellant proceeded under the Workman's Compensation Act asking compensation because of such injuries and four members of the board, the fifth being absent because of illness, found "that plaintiff suffered no disability as the result of any accidental injury arising out of and in the course of his employment with the defendant," and ordered that plaintiff take nothing by his application for compensation and that he should pay the costs of the proceedings.

Plaintiff excepted to the order of the full board and this appeal followed, the error assigned being that the award is contrary to law.

In order to decide the question of whether appellant's accident arose out of and in the course of his employment with appellee we must first determine when the relationship of master and servant ceased to exist between appellant and appellee. When appellant received the notice that the employment was terminated and he had checked his tools and turned in his badge he was no longer subject to the orders of his master and the relationship of master and servant ceased to exist. When he left the premises without getting his pay the only relationship that remained existing was that of debtor and creditor. "There is no duty to the master that remains and there is no further obligation on the part of the

master save only the payment of a debt which the former employee could collect through another or assign to another. The personal relationship which is of the essence of master and servant has then ceased. It is not reasonable to say that the employer is absolved from the responsibility of safely conducting the employee from his bench to a place where he becomes again a part of the general public. That status having been regained he is no longer an employee and if injured on a subsequent visit to the plant to get his pay or his tools or other personal property the accident may be said to arise out of his employment, but it cannot be said to be in the course of it." *Olson* v. *Hurlburt-Sherman Hotel Co. et al.* (1924), 210 App. Div. 537, 538, 206 N. Y. S. 427. In the New York case the employment had been terminated as here and someone in the employment of the hotel company told the former employee to return at a certain time for her money, as was the case here, so in that respect the cases may be said to be identical.

We therefore hold that appellant while engaged in the purely personal errand of collecting a debt owing to him could not be said to have been injured in the course of any employment.

The award of the Industrial Board is not contrary to law and is in all things affirmed.