## Third Department, March, 1941.
### (March 5, 1941.)

Robert Callan, Appellant, v. George Adams, Respondent.

Plaintiff sought to recover damages for injuries sustained as a result of the negligence of the defendant in the operation of defendant's automobile in which the plaintiff was a passenger. The accident happened on November 30, 1938. The plaintiff-appellant was employed by the State of New York in the Highway Department as one of a gang of maintenance men. The last day they worked prior to the date of the accident was November 25, 1938.

The defendant, as foreman, was instructed by the Superintendent of Highways to bring the men into the office on Frederick street in Binghamton, N. Y., to sign the payroll on the last day of each month and to take them home again. Defendant furnished a truck in connection with his work and was paid for the use thereof as well as for being driver, and was allowed two hours, going and coming, to bring them in and take them home. The men, themselves, also got two hours' pay allowed for the same purpose.

In accordance with the foregoing instructions, on November 30, 1938, defendant went out to get the men to bring them to sign the payroll. He started from his home at a quarter to twelve and went to the home of the plaintiff at Kirkwood, got him, and went to Kelmer's home and got him. When they were all gathered they went to the Highway Department office to sign the payroll and signed it between twelve and one o'clock. From there they went to four other places trying to get deer licenses and shells. After having attended to those errands they got back into Court street on their way home, the identical road and covering the same route used in coming to sign the payroll, and traveled on it about a distance of six miles when the accident occurred.

After they signed the payroll they went to, among other places, a beer parlor. The accident occurred between four and five o'clock. A period in excess of three hours and less than four hours elapsed between the signing of the payroll and the time of the accident.

The court denied the motion to dismiss the complaint on the grounds of failure to establish negligence and freedom from contributory negligence but decided that, as a matter of law, the accident occurred while they were engaged as coemployees in the course of their employment and that the remedy under the provisions of the Workmen's Compensation Law is restricted to applications for compensation under that law. In our judgment this was error. There were questions to be submitted to the jury as to whether they were coemployees, as to whether three to five hours' deviation was reasonable under all the circumstances.

The judgment of nonsuit should be reversed and a new trial granted, with costs to abide the event.

Judgment reversed and new trial granted, with costs to abide the event.

Crapser, Bliss and Schenck, JJ., concur.

HEFFERNAN, J. I concur in the decision to reverse the judgment appealed from and to grant a new trial.

In addition to the questions of negligence and contributory negligence, which, concededly, are for a jury, in my opinion the case also presents questions of fact as to whether or not at the time of the accident plaintiff and defendant were coemployees and acting within the scope of their employment and whether or not the accident arose out of and in the course of such employment.

Hill, P. J., concurs for a reversal and a new trial, but dissents in an opinion as to the issues to be submitted thereon.

HILL, P. J. (dissenting in part). The trial court dismissed plaintiff's complaint solely upon the ground that he and defendant were coemployees, and that the only remedy which he had for the injury he received when riding with defendant, was under the Workmen's Compensation Law. The court found that there was a question of fact as to defendant's negligence and plaintiff's freedom from contributory negligence, but that the parties were coemployees of the State of New York.

Defendant was the foreman of a highway maintenance force of which plaintiff was a member. The last work plaintiff did was on November 25, 1938. He was injured on November thirtieth. On that day defendant came with his truck to plaintiff's residence to carry him to the local office of the State Highway Department in Binghamton where he was to sign the payroll in connection with work in the last half of November. During the summer months, a clerk from the office came to the place where the laborers were employed for the signature. At the beginning of winter the plan was changed, and defendant testifies that he was allowed two hours' pay for himself and truck to bring this plaintiff and another workman to the office. He likewise says that plaintiff was allowed two hours' pay for going to the office to sign the payroll. This is denied by plaintiff.

Under the evidence most favorable to plaintiff, it would have taken only forty to forty-five minutes for the defendant to have taken plaintiff to the office and returned him to his residence. On the day of the accident, defendant came to plaintiff's residence at about eleven o'clock in the forenoon. The payroll was signed thirty minutes later. The injury was received between four and five in the afternoon. Between the signing of the payroll and the injury, the party visited a beer saloon and a store, also they called on several officials in an effort to obtain licenses to hunt deer.

"There must come a time when the relationship of master and servant ends and, on grounds of convenience to both, the period of that relationship may be deemed to cover impliedly a reasonable interval of time and space for the employee to get his pay and to leave the premises. We think that if he leaves the premises without getting his pay, the sole relationship that remains is that of debtor and creditor. There is no duty to the master that remains and there is no further obligation on the part of the master save only the payment of a debt which the former employee could collect through another or assign to another." (Olson v. Hulbert-Sherman Hotel Co., 210 App. Div. 537.) Unless there is a special agreement, transactions connected with the payment of wages are not in the line of the employment but matters personal to the employee. (Matter of Cunningham

v. *Hunterspoint Lumber & Supply Co.*, 256 N. Y. 574.) In *Matter of Younger* v. *Motor Cab Transportation Co., Inc.* (260 N. Y. 396), the employee, a taxicab driver, at an early hour, had placed his taxicab at the head of a line, a location advantageous for securing passengers. He then returned to the garage on foot to get his wages. While returning to his cab he was struck by a motor vehicle and fatally injured. The award was sustained. The rationale was discussed in the *Younger* opinion. Concerning the *Cunningham* case it is said: " His accident occurred far from his place of employment and plainly outside working hours, and consequently at a time and place other than in the course of his employment." And as to the *Younger* case: " When, as in this case, some advantage to the employer, even though slight, can be discovered in the injured workman's conduct, his act cannot be regarded as purely personal and wholly unrelated to his employment." The advantage to the employer was that claimant, without waiting to get his pay, parked the taxi at the head of the line, a most advantageous location for securing passengers.

Granting, for the purpose of this discussion, that plaintiff was in the course of his employment while riding to the office and would have been on the return journey had it started within the time limit, the delay of four of five hours raises serious question if he had not abandoned the employer's work and taken up matters of his own concern.

With the passage of time, a liberalization may be detected in the holdings on the subject of abandonment of employment. In *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123) an award was denied, as it was decided that claimant had abandoned his employment when he crossed the room in which he was working to say good-bye to a coemployee who had been drafted for service in the Army and was soon to leave. In *Matter of Wickham* v. *Glenside Woolen Mills* (252 N. Y. 11) award was sustained. Claimant was injured while crossing the room in which he was working to obtain a chew of tobacco from a coworker. In *Matter of Gross* v. *Davey Tree Expert Co.* (272 N. Y. 657, affg. 248 App. Div. 838) Gross, an employee, had an award sustained. His employer contracted with a telephone company to keep its lines free from foliage. He was injured two or three miles from the place where his associates were working while assisting the wife of a farm owner to start her car. There was proof that his employer had instructed him to do everything possible to obtain good will toward the telephone company. Cases which illustrate abandonment are *Matter of Dunn* v. *University of Rochester* (266 N. Y. 362) and *Matter of Joslyn* v. *Oneida Community, Ltd.* (256 id. 599). In each the injury was received while the claimant, with the employer's approval, was engaged in personal matters. The respondent may find comfort in cases like *Matter of Schwimmer* v. *Kammerman & Kaminsky* (262 N. Y. 104) where, after a deviation, the employee had returned to the route which he would have used had there been no diversion, but not in the recent case of *Matter of Lovett* v. *Buck* (285 N. Y. ——). Whether there is a temporary and permissible cessation from toil or an abandonment is a matter of degree.

Plaintiff was injured upon the highway leading from the city of Binghamton to his home, the route which he would have passed over if defendant had taken him home following the signing of the payroll. But if it may be said the delay of four or five hours after the signature did not amount to abandonment, might it be said that three or four days might intervene? It might well be argued that

the signing of the payroll had become secondary to the quest for hunting licenses, ammunition and sociability. Signing the payroll was not in the line of employment of plaintiff.

The history of this litigation was discussed on the argument by mutual consent by respective counsel. Following the dismissal of plaintiff's complaint, he sought compensation. It was determined by the referee, and approved by the Board, that plaintiff was not injured in the course of his employment. We, therefore, are concerned with the practical side of the matter. Plaintiff's injury is not questioned. He received it either when working for the State as a coemployee of defendant, or when he was not so employed. When and if the decision of the referee and the Board in the compensation matter comes before this court, we will be required to affirm it if there is any evidence to sustain. The facts appearing in this record are undisputed, except in one particular. The plaintiff denies that he received pay for going to the office, while defendant says that he did. In submitting the matter to the jury, a special question should be prepared to determine whether plaintiff was paid for the journey. When the subject of transportation of a workman by the employer is involved, seemingly trivial distinctions are vital. In *Matter of Kostyum v. Sheldon Slate Co.* (259 N. Y. 515) the employee was injured while crossing the street from the truck which had stopped on the side opposite his home. An award was reversed. In *Matter of Sihler v. Lincoln-Alliance Bank & Trust Co.* (280 N. Y. 173) the employee was injured under exactly the same circumstances, and an award was affirmed, the distinction being that there was a special agreement in the *Sihler* case by the foreman that he would see that the employee " got home safe " if he worked after hours, while in the *Kostyum* case the truck was " regularly " used to transport employees. The special question suggested above should be submitted.

This is a border-line case. A common-law court has decided as matter of law that this plaintiff was an employee of the State when injured; the State Industrial Board has decided exactly the opposite. An attempt should be made to harmonize. The common law as to abandonment of employment and the Workmen's Compensation Law should be considered and construed with reference to each other (*in pari materia*). In each of the citations above, the Court of Appeals has made its determination concerning abandonment of employment as matter of law. In this case, where the facts are not in dispute except in the one particular earlier discussed, the trial justice should decide as a matter of law whether the parties were coemployees, and the case be submitted to the jury under a direction that they were not coemployees, taking a general verdict upon the subject of negligence, contributory negligence and damages. The jury's determination of the question of fact as to whether plaintiff received pay for going to the paymaster's office might be helpful in determining a motion to set aside a verdict or upon appeal.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.