[Civ. No. 18848.   Second Dist., Div. One.   June 19, 1952.]

WILLIAM E. PETERSON, Respondent, v. ARTHUR MORAN et al., Defendants; E. T. HERMANN, Appellant.

Roland Maxwell and Paul H. Marston for Appellant.

Charles P. Lester for Respondent.

HANSON, J. pro tem.—The question brought here for determination is whether the relation of master and servant between the parties here involved terminated instantly upon the discharge of the servant on the premises of the employer or whether the relation with respect to any injuries thereafter sustained by the servant continued until he left the premises, even though he did not proceed to leave them as quickly as he could have done. The answer, we think, depends entirely upon whether the servant's delay in quitting the premises was unreasonably prolonged. If it was not, then the injury the respondent sustained was compensable, as we view it, under the Workmen's Compensation Act only and not by any action in court, such as was instituted, and which resulted in a verdict and judgment in his favor.

On the date of his discharge the plaintiff was employed as a carpenter by the defendant Hermann, a building contractor doing business as the Hermann Company. At the close of his day's work the employee placed his personal tools in his carpenter kit as was his custom and privilege and started for a gate which was the only exit from the fenced premises. A short distance from the gate he met his employer's time-keeper who handed him two checks for his labor up to and

including the day in question, although it was not payday, and then demanded his employee identification button. The employee promptly àccepted the checks and handed over the button, but thereupon inquired why he was being discharged. The timekeeper replied he would have to ask the foreman, who at the moment was on the premises only some 20 feet away. The plaintiff thereupon walked over to the foreman and put the same question to him. The answer of the foreman that he was "no damn good" brought on a short running argument between the parties which led to an assault and battery by the foreman upon the plaintiff, after the latter had picked up his tool kit and dinner pail and started to resume his trip toward the exit. The sharp evidential controversy directed to the point whether the plaintiff turned back to speak to the foreman or otherwise detoured in his progress toward the gate we regard as of no materiality.

Under the express language of the Workmen's Compensation Act its provisions "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) This statutory injunction necessarily implies and requires that the courts shall conclude where the question is reasonably debatable that injuries sustained by persons injured in the course of their employment fall within and not without the purview of the statute. The wishes or desires of either the employee or employer are a false quantity and are not to be regarded.  As was aptly stated in *Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8, 10 [118 P.2d 809]: "The rule [liberally construing the Act in favor of its applicability] is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages. If the injury falls within the scope of the act, a proceeding thereunder constitutes his exclusive remedy. . . ."

In this state it is a well-established rule that the protective scope of the Workmen's Compensation Act applies not only while a servant is actively at work on the employer's premises, but also while he is properly traversing the premises in going to or coming from work so long as his act involves no unreasonable delay. (*Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8 [118 P.2d 809]; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, 28 Cal.2d 329 [170 P.2d 18].) The theory back of the rule is that the employment necessarily contemplates

not only such a use of the premises but that during its use the servant is subject to the control of the employer.

The discharge of the employee after quitting time and while he was in the act of traversing the premises, in order to leave them, terminated his further employment as a carpenter for hire, but not his right to leave the premises—as he had come to them—in the capacity of an employee under the protective scope of the Workmen's Compensation Act. (*Gardner* v. *Stout*, 342 Mo. 1206 [119 S.W.2d 790]; *Anderson* v. *Hotel Cataract*, 70 S.D. 376 [17 N.W.2d 913]; *W. B. Davis & Son* v. *Ruple*, 222 Ala. 52 [130 So. 772]; *Zygmuntowicz* v. *American Steel & Wire Co.*, 240 Mass. 421 [134 N.E. 385].)

In that view there remains for consideration merely the question whether the employee unreasonably delayed his departure by stopping to inquire of the foreman why he had been discharged and in entering into the short argument that ensued, which evidently consumed less than two minutes. Plainly, such a delay may not be classed as unreasonable, nor may it be said that the employee was not entitled to inquire why he was being discharged.

The cases cited by respondent are not in point or else on their facts are not persuasive. For instance, *National Biscuit Co.* v. *Litzky*, 22 F.2d 939 [56 A.L.R. 853], upon which respondent leans so heavily merely held that in view of the language of the Michigan Workmen's Compensation Act and the holdings of the Michigan court interpreting the statute that it was required to hold that a discharged employee who was injured before she left the premises was not under the act because the injury she sustained had no proximate causal connection with and was not the direct result of any duty of the employment. In that case, the employee was discharged at 11:30 a. m. and thereupon went to the employee's lunch room, ate her lunch and then took an elevator which fell to the basement injuring her. The interpretation placed on the Michigan statute by the Supreme Court of Michigan and necessarily controlling on the federal court in the case before it does not accord with the interpretation placed by our Supreme Court upon the California statute. In that connection it suffices to quote from 1 Honnold on Workmen's Compensation, section 6, as follows: ''Contrary to the rule of strict construction prescribed by the Supreme Court of Michigan for the construction of the Act of that state, Compensation Acts, being highly remedial in character, though in derogation of

the common law, should generally be liberally and broadly construed to effectuate their beneficent purposes.''

Respondent's contention that the employer is estopped to contend that plaintiff's only remedy is under the Workmen's Compensation Act because he discharged the plaintiff is patently without merit and requires no discussion.

The judgment is reversed.

White, P. J., and Drapeau, J., concurred.