■ In the Matter of the Claim of ROBERT PARKS, Respondent, v. HARVEY WEAVER, Doing Business as WEAVER'S GULF SERVICE STATION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which denied an award on the ground that no employer-employee relationship had been established. Appellant Home Indemnity has a dual interest, being Weaver's liability carrier as well as his compensation carrier; but we pass respondent board's objection that appellants have no standing to appeal, as we prefer to reach the merits. Respondent Parks, the alleged employee-claimant, was injured when struck by an automobile operated by appellant Weaver, the alleged employer, on the latter's garage premises, where Parks had come to discuss a possible employment by Weaver. Parks has commenced against Weaver an action in negligence for personal injuries; has never filed a claim under the Workmen's Compensation Law; and has testified to the facts of his discussions with Weaver as to the possibility of his working for Weaver after giving two weeks' notice to his then employer, testifying, among other things, that there was neither an agreement respecting employment nor a tryout (as Weaver alternatively argues) and that, in fact, the accident occurred even before any wage offer had been made. The issue is purely factual and the board was completely justified in crediting Parks' testimony and rejecting that of Weaver. Neither, or course, was the board required to give controlling effect to the fact that Parks, after rejecting the first voluntary payment of compensation by the carrier, and when in need, if not destitute, accepted payments, on being informed by the carrier's representative "that as long as you are on the premises looking for a job and talking about a job, that you were covered on a compensation, whether you had got paid or not"; whereupon Parks said, "under those conditions send me a check." Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RUSH, Appellant. — The record, herein, reveals that at both sentencing and resentencing appellant was not advised of his right under section 1943 of the Penal Law to a jury trial on the issue of whether he was the person named in the information as having been convicted of a prior felony. Further on resentencing it does not appear that the court asked the appellant if he was the person mentioned in the information. Judgment of conviction reversed, on the law, and the case remanded to the Tompkins County Court for compliance with section 1943 of the Penal Law. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.