Dolores MAXEY, (Plaintiff) Appellant,

v.

GENERAL ELECTRIC COMPANY, a corporation, (Defendant) Respondent.

No. 31657.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1964.

Rehearing Denied Oct. 13, 1964.

Edward J. Delworth, Clayton, Henry W. Simpson, St. Louis, for plaintiff-appellant.

Fordyce, Mayne, Hartman, Renard & Stribling, Thomas Rowe Schwarz, P. Terence Crebs, St. Louis, for defendant-respondent.

JAMES D. CLEMENS, Special Judge.

Plaintiff appeals from a judgment which set aside her $4069.50 verdict. Her claim was made under Section 290.110 RSMo 1959, V.A.M.S., which provided that an employee discharged without being paid wages then due could recover those wages accruing up to the time of judgment. Defendant paid plaintiff wages up to the time she was disabled by an injury, but did not pay her for "sick leave" thereafter. The issue here: Did plaintiff's employment terminate at the time she was disabled by the injury, or did the employment terminate a week later when she received written notice thereof?

The essential facts testified to on behalf of plaintiff or admitted in her brief are: In 1960 plaintiff was hired by defendant as a secretary. A part of the fringe benefits promised her was that each year she was to have twenty days of sick leave with pay. Early in 1962 plaintiff's husband began making frequent phone calls to her and to her supervisor at the office. These calls falsely accused them of improprieties, and interfered with the orderly conduct of the office. Finally, plaintiff was told that because of this she was free to seek other employment, and that if there was such further conduct she would be discharged. Then on May 10, 1962, plaintiff's husband came to the office and assaulted plaintiff, breaking her jaw. Plaintiff then had eleven days of sick leave unused. She was taken to the company doctor and later to a hospital. Then on May 15th plaintiff's superior wrote her a letter saying her employment had been terminated on May 11, the day following the assault. A check was enclosed covering plaintiff's regular wages to May 11. This letter was received by plaintiff in the hospital on May 17. On May 21, plaintiff's attorney wrote the defendant de-

manding "all severance pay due her" but defendant denied further liability.

Plaintiff's petition and her submission to the jury were on the theory (1) that her employment was not terminated until she received defendant's letter on May 17, and (2) that by virtue of her right to sick leave compensation defendant then owed her "wages" for the period from May 11 to May 17. Defendant contends that (1) plaintiff's employment terminated on May 11 when it decided not to continue that employment, and that (2) even if plaintiff was thereafter entitled to compensation for sick leave for the period of May 12 to May 17, this did not constitute "wages" under the cited statute.

■ Our review will be limtied to the points relied on in plaintiff's brief. V.A. M.R. 83.05, and cases cited in Mo.Dig., Appeal and Error, ■ Plaintiff's two points relied on here are that the trial court erred in sustaining the defendant's motion for a directed verdict because (1) "plaintiff proved an employment agreement to continue wages during sickness *prior to her discharge"*, and (2) "plaintiff was not paid all her wages earned *prior to her discharge"*. (Our emphases) Defendant paid plaintiff only to May 11 and not to May 17, so the only issue here is whether plaintiff was discharged on May 11 or on May 17.

In support of her contention that her employment did not terminate until she received written notice on May 17, plaintiff cites Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262(19), and Clarkson v. Standard Brass Mfg. Co., 237 Mo.App. 1018, 170 S.W.2d 407(10). In each case a written contract was construed to be for an indefinite term, and it was held that the contract could therefore be terminated at will upon reasonable notice. The point of necessity of notice was not discussed. These cases and plaintiff's citations to Corpus Juris Secundum and American Jurisprudence do not help her contention that her employment was not terminated until she received notice of her discharge.

■ No Missouri case has been cited by counsel nor found by us holding that notice is required to terminate a contract of employment for an indefinite period. However, such employment may be terminated at the will of either party with or without cause. Culver v. Kurn, 354 Mo. 1158, 193 S.W.2d 602(2), 166 A.L.R. 644; Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262(17). So the question before us is whether the defendant did will the termination of plaintiff's employment on May 11. Consider: Defendant had warned plaintiff that if her marital problems again intruded upon defendant's business she would be discharged. They did so intrude on May 10. On that date plaintiff left her employment, unable to perform her duties. On the next day, May 11, plaintiff's superior returned to town, was informed of the occurrence, and notified defendant's payroll department that plaintiff was discharged as of that date. On May 15 defendant sent her a check for wages to May 11 and wrote plaintiff of her discharge. These facts are deemed by us to be a manifestation of defendant's will to terminate plaintiff's employment on May 11, as it had a right to do. Plaintiff's right to compensation then and there came to an end. Accordingly, plaintiff was not entitled to recover for money not paid her during the next five days, and the trial court properly entered judgment against her.

We do not reach defendant's contention that sick leave compensation did not constitute "wages" under the cited statute.

The judgment should be affirmed and it is so ordered.

RUDDY, P. J., and WOLFE, J., concur.

ANDERSON, J., not participating.