260 So.2d 193 (1972)
Fred Wayne HILL, Sr., Petitioner, Cross-Respondent,
v.
GREGG, GIBSON & GREGG, INC., et al., Respondents, Cross-Petitioners.
No. 41485.
Supreme Court of Florida.
March 22, 1972.
Rehearing Denied April 26, 1972.
Dudley Burton, of Burton & Burton, P.A., Miami, for petitioner, cross-respondent.
*194 David J. Williams, of Langston & Massey, Lakeland, for respondents, cross-petitioners.
Kenneth H. Hart, Jr., Tallahassee, for Fla. Industrial Relations Comm., respondent.
ERVIN, Acting Chief Justice.
We have for review on petition and cross-petition for writ of certiorari an order of the Industrial Relations Commission affirming the Judge of Industrial Claims' denial of Petitioner Fred Wayne Hill, Sr.'s, workmen's compensation claim on the ground his injury did not arise out of, or in the course of, his employment.
Petitioner and his retarded son were both employed by Respondent Gregg, Gibson & Gregg, Inc. The accident giving rise to this action occurred when Petitioner went to his employer's project superintendent's office to discuss his son's wages. The office was several miles from Petitioner's job site, and he went to the office approximately one hour before the beginning of his shift. The discussion turned into an argument, and the project superintendent fired both Petitioner and his son and ordered them off the premises. As they were leaving, the superintendent severely assaulted Petitioner, resulting in injuries and disability which prompted this claim for compensation benefits, as well as a lawsuit filed by Petitioner against the superintendent and the employer. The civil action was settled for $20,000, which was paid to Petitioner by or on the account of the superintendent and Gregg, Gibson & Gregg, Inc., and its insurance carrier. No contention is made here by employer or its carrier that it will be entitled by virtue of F.S. Section 440.39, F.S.A., to any subrogation from the employee's recovery of the $20,000 because of compensation benefits that may be awarded pursuant to the final result herein.
After the settlement had been agreed upon, but before it was consummated, Petitioner filed the workmen's compensation claim. It was denied by the Judge of Industrial Claims on two grounds: (1) because the accident did not arise out of or in the course of Petitioner's employment since the assault took place several miles from the place where he performed his duties for the employer, 30 minutes before the beginning of his work day, and while he was on a personal mission; and (2) because the claim was barred by the doctrine of election of remedies which estopped Petitioner from benefiting from two inconsistent remedies.
The Industrial Relations Commission unanimously agreed that the Judge erred in holding the claim barred by the election of remedies doctrine. The Commission said the 1951 amendment to F.S. Section 440.39, F.S.A., abolished the election of remedies doctrine making it possible for injured employees to "claim workmen's compensation benefits and at the same time institute suit against a third party tort-feasor." Fidelity and Casualty Co. of New York v. Bedingfield, Fla. 1952, 60 So.2d 489. The Commission, however, split 2-1 on the issue of whether the injury occurred in the scope and course of the claimant's employment. The majority concluded it had not because "the claimant was involved in an altercation with a man not his superintendent, which altercation arose from an argument concerning his son's wages, and at a place where the claimant did not perform his usual duties. It also appears that he was on the premises before he was supposed to report for work. There is nothing in the record to show that the claimant was in any way engaged in benefiting his employer." The dissenting Commissioner held the injury compensable saying "it is elementary that the discharge of an employee is an essential part of the employment."
We agree with the Industrial Relations Commission's conclusion that F.S. Section 440.39(1), F.S.A., permits lawsuits against third party tort-feasors as well as *195 workmen's compensation claims for injuries arising out of the same accident. Fidelity and Casualty Co. of New York v. Bedingfield, supra. In this connection we note the injuries inflicted upon Petitioner resulted from the assault of the superintendent, a third party. We do not agree, however, with the majority's conclusion that Petitioner's injury was not compensable.
The Workmen's Compensation Act, Chapter 440, Florida Statutes, provides compensation for injuries "arising out of and in the course of employment." Without such an injury-employment relationship, compensation under the Act is impossible. We must, therefore, first determine whether the injury in the instant case satisfies the Act's requirement in this regard.
This Court in Fidelity & Casualty Co. of New York v. Moore, 1940, 143 Fla. 103, 196 So. 495, defined the phrase "arising out of and in the course of employment." There, at 496, we said:
"[F]or an injury to arise out of and in the course of one's employment, [1] there must be some causal connection between the injury and the employment or [2] it must have had its origin in some risk incidental to or connected with the employment or that [3] it flowed from it as a natural consequence. Another definition widely approved is that [4] the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it." (Emphasis supplied.)
From their orders, it appears the Judge of Industrial Claims and the Industrial Relations Commission looked only to the last definition and concluded Petitioner could not recover because he was not injured while at his job site working and benefiting his employer. While such a conclusion is proper under the fourth Moore definition, it is not determinative of the issue. It is necessary to also consider the first three definitions. All are alternatives. Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348.
We conclude that the act of discharging an employee is an integral part of the employment relationship, making injuries arising out of discharge causally connected to that employment. For this reason alone, under the first Moore definition, Petitioner's injury did arise out of, and in the course of, his employment. That Petitioner went to the superintendent before working hours to discuss a matter unrelated to his employment is immaterial. Once the superintendent commenced the act of discharging Petitioner, he created an employment-related situation for purposes of the Workmen's Compensation Act. The fact, too, that the superintendent who discharged Petitioner was not the immediate superintendent or foreman under whom Petitioner worked is immaterial also. The superintendent had sufficient authority over Petitioner to discharge him and when he exercised that authority the employment relationship was involved. The fact that the injury occurred immediately after the employer-employee relationship was terminated also cannot bar recovery. Discharged employees have a reasonable time in which to leave their former employer's premises in safety. Injuries incurred during that time are compensable. A. Larson, The Law of Workmen's Compensation, § 26.00 (1968).
The order of the Industrial Relations Commission is quashed and the cause remanded with instruction to remand to the Judge of Industrial Claims for entry of an order allowing compensation.
CARLTON, ADKINS and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting):
I dissent to the majority opinion because the record shows the attack upon the petitioner *196 by the employer's superintendent took place several miles from the place where claimant worked and did not grow out of matters relating to the claimant's employment. The physical assault upon claimant arose over an argument relating to wages paid to claimant's retarded son. The fact that claimant also worked for the same employer as his son was an incidental matter not sufficiently related to justify the imposition of workmen's compensation liability for the claimant against his employer.