ANITA WEINACKER, PLAINTIFF-APPELLANT, v. PLAYBOY
CLUB, INC., ETC., DEFENDANT-RESPONDENT.

**Superior Court of New Jersey**
Appellate Division

Argued February 5, 1980—Decided February 14, 1980.

Before Judges FRITZ, KOLE and LANE.

*Stephen Roseman* argued the cause for appellant (*McGovern & Roseman*, attorneys; *Harold T. McGovern*, of counsel and on the brief).

*H. Frank Pettit*, argued the cause for respondent (*Pettit & Higgins*, attorneys).

The opinion of the court was delivered by

KOLE, J. A. D.

Plaintiff was employed as a housekeeping supervisor at defendant's McAfee hotel. After her supervisor abruptly terminated her employment plaintiff made an appointment to see defendant's assistant managing director to determine the reason for termination and to attempt to regain her job. Two days after her last day of work plaintiff returned to the Playboy Club for this appointment. The assistant managing director was not there, but the managing director agreed to see her. He agreed to talk to plaintiff's supervisor about her position. After leaving his office plaintiff tripped on a pen on a staircase on her way out of defendant's premises and fell down the flight of stairs.

Plaintiff contends that the personal injuries she sustained in this accident resulted from defendant's negligence in failing properly to maintain its premises.

At the close of plaintiff's case before a jury the trial judge granted defendant's motion to dismiss. Plaintiff appeals from the ensuing judgment of dismissal, contending: (1) the trial judge erred in holding that her action was barred by workers' compensation and (2) defendant is estopped from asserting workers' compensation as a defense.

*N.J.S.A.* 34:15 7 requires that an accident arise out of and in the course of employment to be compensable under the Workers' Compensation Act. *N.J.S.A.* 34:15 8 provides that when an accident is compensable in workers' compensation, an employee surrenders her "rights to any other method, form or amount of compensation or determination thereof   .    .    .."

The trial judge erred in holding that this accident arose out of and in the course of plaintiff's employment. His reliance upon *Thornton v. Chamberlain Mfg. Corp.*, 62 *N.J.* 235 (1973), was misplaced. There the claimant was a production foreman who had repeatedly reprimanded an employee for failure to use safety glasses. Nine days after the claimant had terminated his employment the reprimanded employee attacked and injured him in a bar. Applying the "but for" test, that but for "the employment the employee would not have experienced the injury in question" (at 239), the court held that the accident did clearly arise out of the employment:

> The attack obviously had its genesis in the employment in the sense that petitioner's performance of his assigned duty incurred the assailant's enmity and led to the attack. [at 237]

Thus, despite the termination of the employment relationship, the court held that the accident was compensable:

> . . Here the injuries were caused in every realistic sense by petitioner's exposure at work. We can think of no reason why the Legislature would want to deny relief because the work-generated force overtook petitioner at one moment rather than another.

> We are mindful that in the case at hand the employment relationship itself terminated before the work-initiated hazard ended in injury to him. In this respect, this case goes beyond the authorities cited above. But we see nothing critical in that further fact. In another case that fact might play a decisive role with respect to the work-connection of an injury, but in the case at hand it does not offer a rational basis to say the burden of this injury should not be borne by the enterprise from which it so clearly emerged. [at 242]

Although plaintiff's return to her place of employment in an attempt to gain reemployment brought her to the scene of the accident, the cause of the accident and the circumstances in which it occurred were too far removed from the course of plaintiff's prior employment to render it in any wise work-connected. In the present case the termination of plaintiff's em-

ployment relationship was critical. In *Thornton, supra*, the court applied the "delayed injury" doctrine, where an accident originates in the course of employment "in the sense that it was the end-product of a force or cause set in motion in the course of employment," but does not occur until the employee is off duty. 62 *N.J.* at 242. Here, on the other hand, the origin of the accident, a pen left on a flight of stairs, was entirely unrelated to plaintiff's earlier employment, which had already been plainly terminated, or the performance of her job duties. Thus, plaintiff's accident in the instant case was not compensable under workers' compensation.

We need not consider plaintiff's estoppel argument.

Reversed and remanded for trial.

We do not retain jurisdiction.