Daniel L. JONES, Appellant,

v.

JAY TRUCK DRIVER TRAINING CENTER, INC., Respondent.

No. WD 38843.

Missouri Court of Appeals,
Western District.

July 21, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied
Oct. 13, 1987.

---

Julia J. Borel, Kansas City, for appellant.

Robert A. Henderson, Roger P. Wright, Kansas City, for respondent.

Before BERREY, P.J., and
KENNEDY and LOWENSTEIN, JJ.

BERREY, Judge.

Plaintiff Daniel L. Jones appeals from the trial court's order dismissing his petition for damages for the lack of subject matter jurisdiction. The trial court's dismissal of plaintiff's claim charging he sustained injuries when he fell down a flight of negligently maintained stairs on the premises of defendant Jay Truck Driving Training Center, Inc., (Jay) was based on a finding that plaintiff was an employee at the time of the alleged injury and that the Labor and Industrial Relations Commission has exclusive jurisdiction over plaintiff's claim. This court affirms the decision of the trial court.[1]

Plaintiff was employed by Jay in the summer of 1983 and worked as a classroom instructor. On March 9, 1984, plaintiff became sick with the flu and failed to report to work for several days. The director of Jay, Max Elrod, did not receive any notice of plaintiff's illness and he was unable to reach him (plaintiff) by phone. On March 16, 1984, Max Elrod sent plaintiff the following notice of termination:

March 16, 1984

To: Mr. Danny Jones

---

1. This case is on appeal for the second time. On the first review, this court affirmed the trial court's decision to dismiss on the grounds the Labor and Industrial Relations had exclusive jurisdiction to determine plaintiff's employment status. The Supreme Court, however, reversed and held that the trial court does have the jurisdiction to determine that matter. 709 S.W.2d 114 (Mo. banc 1986).

From: JAY TRUCK DRIVER TRAIN-
ING CENTER, INC.

Re: Termination

Mr. Jones:

This is to notify you that as of this date your services for Jay Truck Driver Training Center, Inc. have been terminated. This action has been taken due to failure to report to the school your continued absence, and our not being able to reach you by phone due to the disconnection. You may pick up your last pay check after your uniforms are returned at the closing time on Monday, March 26, 1984.

JAY TRUCK DRIVER TRAINING CENTER, INC.

Max Elrod

Director

ME/rs

The certified register receipt revealed plaintiff did not receive this letter until March 31, 1984.

On March 21, 1984, Max Elrod, still not having heard from plaintiff, asked Ted Jones, an employee of Jay and plaintiff's brother, whether he (Ted) had heard from plaintiff or if he knew plaintiff had received the termination letter. Ted Jones told Max Elrod he had not heard from plaintiff and knew nothing about the letter. Max Elrod told Ted Jones that if he saw plaintiff to tell him he was fired and to come in and return his uniforms and pick up his paycheck on March 26.

On March 22, plaintiff came to Max Elrod's office wearing his uniform and stated he had had the flu but he was ready to work. When asked by Elrod why he could not reach him by telephone, plaintiff stated he did not have a telephone. Plaintiff said he had not received the termination letter but that his brother, Ted Jones, had given him Elrod's message the night before.

Max Elrod testified he told plaintiff that he needed someone reliable and that he was terminated. He also stated that under certain circumstances he would have considered taking plaintiff back but that after listening to plaintiff's excuse for his absence and failure to contact him he followed through with his decision to terminate him. Max Elrod's affidavit offered into evidence as Exhibit 1 states that "as far as [he] was concerned, Mr. Danny Jones was officially terminated in [his] office at [the] face to face meeting on March 22, 1984."

After the conclusion of this meeting, plaintiff walked out of Max Elrod's office and fell down a flight of stairs going down to the garage. It is from this accident that plaintiff seeks damages at common law for his injuries.

■ The only injuries from accidents compensable under Workmen's Compensation are those which "arise out of and in the course of employment." § 287.120 RSMo 1986; *State ex rel. McDonnell Douglas Corp. v. Luten,* 679 S.W.2d 278, 280 (Mo. banc 1984). Once it is established the injuries are encompassed within the Act, common law suits for damages are barred. *Id.; Gambrell v. Kansas City Chiefs Football Club,* 562 S.W.2d 163, 164 (Mo.App.1978). The defense of exclusivity of Workmen's Compensation may be properly raised in a motion to dismiss for lack of subject matter jurisdiction and the court may grant the motion if it "appears by the preponderance of the evidence," the court lacks jurisdiction. *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772 (Mo.App. 1983); *see also Jones v. Jay Truck Driver Training Center, Inc., supra,* 709 S.W.2d at 116.

Plaintiff contends no employee-employer relationship existed at the time of his alleged injury and that his remedy in bringing a common law negligence action is not precluded by the exclusivity of the Workmen's Compensation Law; he argues his employment had been terminated prior to the March 22, 1984, meeting and the injuries he sustained were in no way incidental to his employment relationship. Research by this court as well as the parties has failed to produce any decision in Missouri that directly deals with the issue of whether, after termination of employment, a former employee's injury on the employer's premises is compensable under the act.

It has been held that once the relationship of employee-employer ceases to exist

by either resignation or dismissal, any injury occurring after the severance is not within the scope of Workmen's Compensation regardless of the temporal and proximal circumstances. *Ellison v. Trailite, Inc.,* 580 S.W.2d 614, 615–616 (Tex.Civ.App. 1979). (Injury occurring after termination of employment while remaining on employer's premises for severance pay held not within Workmen's Compensation). Other jurisdictions, however, have found that an employee discharge does not altogether dissolve the employment relationship for purposes of Workmen's Compensation where an employee sustains injuries while leaving the premises within a reasonable time after termination. *W.B. David & Son v. Ruple,* 222 Ala. 52, 130 So. 772 (1930); *Nicholson v. Industrial Commission,* 76 Ariz. 105, 259 P.2d 547 (1953); *Peterson v. Moran,* 111 Cal.App.2d 766, 245 P.2d 540 (1952); *Hill v. Gregg, Gibson & Gregg,* 260 So.2d 193 (Fla.1972); *Woodward v. St. Joseph's Hospital of Atlanta,* 160 Ga.App. 676, 288 S.E.2d 10 (1981); *Carter v. Lanzetta,* 249 La. 1098, 193 So.2d 259 (1966); *Zygmuntowicz v. American Steel & Wire Co.,* 240 Mass. 421, 134 N.E. 385 (1922); *Leonhardt Enterprises v. Houseman,* 562 P.2d 515 (Okla.1977). This would appear to be the natural extension of the precept that injuries sustained by an employee when arriving and leaving the employer's premises are compensable as incidental to the employment as has been adopted by the Eastern District of Missouri. *Zahn v. Associated Dry Goods Corp., supra,* 655 S.W.2d at 772–3.

An authority on Workmen's Compensation advances the following proposition:

> Injuries incurred by an employee while leaving the premises, collecting pay, or getting his clothing or tools within a reasonable time after termination of the employment are within the course of employment, since they are normal incidents of the employment relation.

Larson, Workmen's Compensation Laws, p. 5–287, § 326.10 (1985). The act of dis-

charging an employee is intrinsic to the employment relationship. *Hill v. Gregg, Gibson & Gregg, supra,* 260 So.2d at 195, and the employee is allowed a reasonable time to finish up his affairs with regard to that association. Congruous with the above, courts have found compensation coverage exists for those employees who, after termination, return to the employee's premises to do certain specified acts such as pick-up their tools and clothes or collecting their pay. *Mitchell v. Hizer,* 73 Cal. App.3d 499, 140 Cal.Rptr. 790 (1977); *Gunthrop-Warren Printing v. Industrial Commission,* 74 Ill.2d 252, 24 Ill.Dec. 160, 384 N.E.2d 1318 (1979); *Nails v. Market Tire Company, Inc.,* 29 Md.App. 154, 347 A.2d 564 (1975); *Solo Cup Co. v. Pate,* 528 P.2d 300 (Okla.1974); *INA of Texas v. Bryant,* 686 S.W.2d 614 (Tex.1985); *But cf. Parten v. State Industrial Court of State of Oklahoma,* 496 P.2d 114, (Okla.1972) (Injured employee was not under compensation coverage when he removed his tools from the workplace because the removal was for his own benefit).

Plaintiff argues he had returned to Jay's, not to do such specific tasks mentioned above, but to seek re-employment believing he had been terminated.[2] We recognize some courts have held an employment seeker is not an employee for purposes of compensation. *State Compensation Insurance Fund v. Workers' Compensation Appeals Board,* 59 Cal.App.3d 647, 130 Cal.Rptr. 831 (1976); *Survivors of Timothy Fritas v. Pacific Contractors Company,* 1 Haw.App. 77, 613 P.2d 927 (1980); *Parks v. Weaver,* 245 N.Y.S.2d 221, 20 A.D.2d 588 (1963); *Weinacker v. Playboy Club, Inc.,* 172 N.J.Super. 213, 411 A.2d 722 (1980). The trial court could reasonably have found, however, that plaintiff, dressed in his uniform and "ready to work," had come to Max Elrod's office to inquire about the status of his job. It is the function of the trial court to determine the credibility of the witnesses and this court gives deference to its evaluation. *Curtis v. Kays,* 670 S.W.2d 887, 890 (Mo.

---

2. Plaintiff's testimony on direct examination was as follows:

Q. And did you have your uniform on?

A. I did.

Q. Why did you do that?

A. Tried to get my job back.

App.1984). For this reason, our case sub judice is unlike that of *Weinacker v. Playboy Club, Inc., supra,* 172 N.J.Super. 213, 411 A.2d at 723, cited as persuasive authority by plaintiff, wherein an employee, who, after visiting her managing director, was injured upon leaving the premises. The employee went to the director to inquire about the reason behind her termination and to seek re-employment. The employee had been fired by her supervisor two days prior to the scheduled appointment, set by the employee. The New Jersey appellate court found her injuries not compensable and her negligence action not barred. *Id.,* at 724.

■ Plaintiff had not received official notice of his termination until he met with Max Elrod on March 22 and the reason for plaintiff's visit, whether it was to inquire into the status of his job or wind up his affairs, provided more of a work-connection than seen in *Weinacker* where the employer-employee ties had been totally severed. Further, assuming plaintiff had "notice" of his termination[3] prior to the March 22 meeting, plaintiff's employer, Jay, had requested plaintiff to return his uniforms and pick-up his paycheck. This continuing obligation between the parties did not completely cut off the employment relationship.

Plaintiff relies heavily on *Maxey v. General Electric Company,* 382 S.W.2d 67 (Mo.App.1964) for the proposition that his employment officially ended when Max Elrod wrote the termination letter of March 16 and that from this date any injuries on Jay's premise were not compensable. In *Maxey, supra,* an employee received a letter on May 17 stating she had been terminated as of May 11. The employee alleged she should have received compensation for sick leave for the period of May 12 to May 17, because her employment had not terminated until she received notice of the discharge. The eastern district found that the letter was a manifestation of the employer's will to terminate the employment, and at that point employee's right to sick pay came to an end. *Maxey v. General Elec-*

*tric Company, supra,* 382 S.W.2d at 69. This holding in *Maxey* deals only with employee termination in the context of the employer's obligation to continue to pay sick leave. It does not speak to the situation at bar where the employer's obligation under Workmen's Compensation may extend beyond termination where the activity causing injury is a normal and reasonable incident of the employment relationship.

In sum, this court finds plaintiff's injuries come within the exclusive jurisdiction of workmen's compensation and that the trial court did not err in dismissing plaintiff's action for the lack of subject matter jurisdiction.

Judgment affirmed.

All concur.

---

3. This notice would be provided by the plaintiff's brother on the night of March 21.