Kenneth T. PRICE and Ruth E.
Price, Appellants–Plaintiffs,

v.

R & A SALES, Appellee–Defendant.

No. 84A04–0111–CV–508.

Court of Appeals of Indiana.

Aug. 23, 2002.

John P. Nichols, C. Joseph Anderson, Anderson & Nichols, Terre Haute, IN, Attorneys for Appellants.

Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kenneth and Ruth Price (collectively "the Prices") appeal the trial court's grant of R & A Sales' motion to dismiss the Price's negligence suit in which they sought damages for injuries sustained by Kenneth when he fell on R & A's property immediately after his employment had been terminated. The sole issue presented for review is whether the exclusive remedy provision under the Workers Compensation Act ("the Act") deprived the trial court of jurisdiction to adjudicate the Prices' claim.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On the morning of August 17, 1998, Kenneth Price reported to work as usual at R & A. Not ten minutes later, Kenneth's supervisor called him into his office and told Kenneth that he was being terminated. Kenneth then left the office and started to leave R & A's premises. But as he exited the doorway and started to walk down the steps, he slipped and fell backwards, allegedly sustaining injuries.

In July 1999, the Prices filed a complaint against R & A for damages arising from Kenneth's fall. R & A filed a Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. R & A contended that any injuries Kenneth suffered during his fall occurred within the scope of his employment with R & A and, therefore, his only remedy was to file a claim under the Act. The trial court agreed and granted R & A's motion to dismiss. This appeal followed.

### DISCUSSION AND DECISION

The applicable standard of review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). "That is, the standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Id.* Under those circumstances no deference is afforded the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." *Id.* (citation omitted). Here, the parties do not dispute the facts that gave rise to Kenneth's alleged injuries, only whether the Act bars his resulting negligence claim. We therefore review the trial court's decision de novo.

The Prices contend that the trial court erred when it granted R & A's motion to dismiss. Specifically, they allege that since R & A terminated Kenneth's employment a few minutes before he fell, the Act's exclusive remedy provision is inappli-

cable and cannot bar the Prices' negligence claim. We do not agree.

■ Under the Act, an employee is given a statutory right to compensation, regardless of fault, and the employer's liability is limited to that provided by the Act. *Ross v. Schubert*, 180 Ind.App. 402, 388 N.E.2d 623, 627 (1979), *superseded by statute on other grounds.* Thus, the immediate purpose and effect of the Act is to control and regulate relations between the employer and his employees. *Id.* The exclusive remedy provision relating to personal injuries provides, in relevant part, that "[t]he rights and remedies granted to an employee ... on account of personal injury or death by accident shall exclude all other rights and remedies of such employee...." Ind.Code § 22–3–2–6. In other words, the Act's rights and remedies are exclusive and exclude all other rights and remedies of an injured employee. *Ransburg Indus. v. Brown*, 659 N.E.2d 1081, 1082 (Ind.Ct.App.1995), *trans. denied.* If a claim is one for which the Act provides the exclusive remedy, then the trial court has no jurisdiction of the subject matter of the claim and the action cannot proceed. *Id.*

Indiana Code Section 22–3–2–6 limits the rights and remedies of an employee seeking a compensatory remedy for personal injuries to the exclusive provisions of the Act where three requirements are met: (1) the employee suffers personal injury or death by accident; (2) the personal injury or death arises out of employment; and (3) the personal injury or death arises in the course of employment. *Weldy v. Kline*, 616 N.E.2d 398, 403 (Ind.Ct.App.1993) (citing *Gordon v. Chrysler Motor Corp.*, 585 N.E.2d 1362, 1363 (Ind.Ct.App.1992), *trans. denied, rejected on other grounds by Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271 (Ind.1994)). The Prices do not dispute that Kenneth's injury occurred by accident. Rather, they allege that his injury did not arise out of and in the course of his employment at R & A.

■ An injury arises "out of employment" when a causal nexus exists between the injury sustained and the duties or services performed by the injured employee. *Weldy*, 616 N.E.2d at 404. This causal relationship is established when a reasonably prudent person considers a risk to be incidental to the employment at the time of entering into it or when the facts indicate a connection between the conditions under which the employee works and the injury. *Id.* An injury arising "in the course of employment" refers to the time, place, and circumstances surrounding that injury. *Id.* In addition, for an injury to arise out of and in the course of employment it must occur within the period of employment, at a place or area where the employee may reasonably be, and while the employee is engaged in an activity at least incidental to his employment. *Id.* Whether an injury arises out of and in the course of employment depends upon the facts and circumstances of each case. *Tapia v. Heavner*, 648 N.E.2d 1202, 1206 (Ind.Ct.App.1995). And when interpreting those facts, it is well settled that courts should liberally construe the words "arising out of" and "in the course of employment" to accomplish the humane purposes of the Act. *Goldstone v. Kozma*, 149 Ind.App. 626, 274 N.E.2d 304, 308 (1971).

Here, the question presented is whether an employee's injuries arise out of and in the course of employment where the employee falls and injures himself as he leaves the employer's premises after having been terminated. This is a question of first impression in Indiana. But we addressed a related question in *Burke v. Wilfong*, 638 N.E.2d 865, 868–69 (Ind.Ct.App.1994). There we considered whether an employee's injuries suffered on his em-

ployer's property ten minutes *before* his shift was scheduled to begin arose out of and in the course of his employment. In that case, Burke was driving on a private access road toward the parking lot to report to work and was struck by a passing vehicle that was leaving the premises. We held that Burke's injuries arose out of and in the course of his employment, and that the rights and remedies under the Act provided his exclusive remedy. *Id.* at 869. In so holding, we reiterated the rule that "employees are doing something incidental to their employment while they are. on their employer's premises," and further that "the period of employment encompasses a reasonable time before and after the employee engages in work." *Id.* at 869 (citing *Goldstone*, 274 N.E.2d at 308).

In *Goldstone*, we explained that rule as follows:

> One of the most difficult problems met with in the enforcement of the [Act] is the determination of the question whether an injury arose out of and in the course of the employment. The employment is not limited to the exact moment when the workman reaches the place where he is to begin his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment; having in mind all the circumstances connected with the accident.

*Id.* at 309 (quoting *Reed v. Brown*, 129 Ind.App. 75, 152 N.E.2d 257, 263 (1958)). Indeed, the United States Supreme Court has held that:

> [E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the. express or implied consent of the employer, to or from his work by a way over the employer's premises ... the injury is one arising out of and in the course of employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

*Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 48 S.Ct. 221, 72 L.Ed. 507 (1928).

Broadening that rationale, several jurisdictions have held that an employee's discharge does not altogether dissolve the employment relationship for purposes of the Act where the employee sustains injuries while leaving the premises within a reasonable time after termination. *See Jones v. Jay Truck Driver Training Ctr., Inc.*, 736 S.W.2d 468, 470 (Mo.Ct.App.1987) (citing *Zygmuntowicz v. Am. Steel & Wire Co.*, 240 Mass. 421, 134 N.E. 385 (1922); *W.B. Davis & Son v. Ruple*, 222 Ala. 52, 130 So. 772 (1930); *Nicholson v. Indus. Comm'n*, 76 Ariz. 105, 259 P.2d 547 (1953); *Peterson v. Moran*, 111 Cal.App.2d 766, 245 P.2d 540 (1952); *Carter v. Lanzetta*, 249 La. 1098, 193 So.2d 259 (1966); *Hill v. Gregg, Gibson & Gregg*, 260 So.2d 193 (Fla.1972); *Leonhardt Enter. v. Houseman*, 562 P.2d 515 (Okla.1977); *Woodward v. St. Joseph's Hosp. of Atlanta*, 160 Ga. App. 676, 288 S.E.2d 10 (1981)), *trans. denied.*[1] That conclusion is the natural

---

**1.** We addressed a similar issue in *Forman v. Chrysler Corp.*, 102 Ind.App. 408, 2 N.E.2d 806 (1936). In that case, Forman reported to work and was told that he had been laid off. He collected his tools as directed by his supervisor and was told to return the next day to collect his pay. En route to his employer's

place of business the following day, Forman wrecked his motorcycle on a public highway. Our supreme court held that Forman's resulting injuries did not fall within the purview of the Act. The court stated that Forman's injuries "may be said to [have arisen] out of his employment, but it cannot be said to [have

extension of the rule that injuries sustained by an employee when arriving and leaving the employer's premises are compensable under the Act as incidental to the employment relationship. *See Jones,* 736 S.W.2d at 470.

Further, an authority on worker's compensation has observed:

> Compensation coverage is not automatically and instantaneously terminated by the firing or quitting of the employee. He or she is deemed to be within the course of employment for a reasonable period while winding up his or her affairs and leaving the premises. . . .
>
> * * *
>
> Moreover, the allowed interval should be long enough to encompass the incidents that flow directly from the employment, although they may take effect after employment has technically ceased. . . .

Arthur Larson & Lex K. Larson, Larson's Worker's Compensation § 26.01 (2002).

In this case, a few minutes after Kenneth reported to work his supervisor summoned him to his office and terminated his employment. Kenneth left the office and immediately began to leave R & A's premises. But he slipped and fell on the stairs that led out the doorway, which allegedly caused his injuries. Since Kenneth fell on R & A's property as he attempted to leave immediately after having been fired, his injuries were sustained "within a reasonable time after termination." *Jones,* 736 S.W.2d at 470.

We decline to hold that the employment relationship ends for purposes of the Act immediately upon termination. Kenneth's alleged injuries clearly arose out and in the course of his employment with R & A. Following termination, the employer should be responsible for "safely conducting the employee from his bench to a place where he becomes again a part of the general public." *Forman,* 102 Ind.App. 408, 2 N.E.2d at 806.

## CONCLUSION

Kenneth's injuries arose out of and in the course of his employment with R & A. As a result, the Prices' remedies are those provided exclusively by the Act. The trial court thus lacked subject matter jurisdiction to hear the Prices' negligence claim and did not err when it granted R & A sales' motion to dismiss.

Affirmed.

BAILEY, J., and ROBB, J., concur.

---

been] in the course of it." *Id.* at 806. That case, however, is distinguishable from the instant case because (1) Forman was returning to his employer's place of business a full day after he was laid off, and (2) his injury occurred not on his employer's premises but on public property.